85 So.2d 427

### Roosevelt SMITHERMAN

v.

### STATE.

### 1 Div. 647.

Supreme Court of Alabama.

Feb. 2, 1956.

John Patterson, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

GOODWYN, Justice.

Appellant was convicted of murder in the first degree and sentenced to death by electrocution. His appeal is here under the provisions of the Automatic Appeal Statute. Act No. 249, appvd. June 24, 1943, Gen.Acts 1943, p. 217, Code 1940, Tit. 15, § 382(1) et seq., Pocket Part.

The indictment charges that appellant "unlawfully and with malice aforethought, killed Thomas J. Harper, by shooting him with a gun, against the peace and dignity of the State of Alabama." Appellant entered a plea of "not guilty" and relies on "self-defense" as a justification for the killing.

It is undisputed that appellant shot deceased twice with a .22-calibre rifle, thereby causing his death. The first shot was fired when deceased was in front of appellant's home on Chinquepin Street, in Mobile County, the bullet entering his body from the back. The second shot was fired about thirty minutes later just off Stanton Road in Mobile County, at a point where appellant carried deceased in deceased's automobile and left him, the bullet entering on the right side of deceased's head. It appears to be clearly established by expert medical testimony that the first shot caused the death. It further appears that the second shot was fired after deceased's death.

We have given most careful consideration to all of the testimony, even

J. R. Meriwether, Prichard, for appellant.

though no lawful objection or exception was made thereto, as is required of us, and we do not find any testimony that was seriously prejudicial to the rights of the appellant; nor can we say, upon consideration of all the testimony, that the verdict is so decidedly contrary to the great weight of the evidence as to be wrong or unjust, which would call for an order reversing the judgment and granting a new trial. Code 1940, Tit. 15, § 382(10), Pocket Part, Act No. 249, appvd. Jan. 24, 1943, Gen.Acts 1943, p. 219, § 10, supra. We are clear to the conclusion that the verdict is amply supported by the evidence.

Two written confessions signed by appellant were introduced in evidence. We think the proper predicate was laid for the introduction of each of these confessions. "It is settled law that when a confession is offered in evidence against a defendant in criminal trial, the duty devolves upon the court to ascertain and declare by its ruling whether or not such confession was free and voluntary. When confessions have been admitted as evidence against a defendant's objection, the presumption is in favor of the correctness of the ruling of the trial court, on appeal, and reversal will not be had because of the admission of such evidence, unless the record affirmatively shows that manifest error was committed in the admission of such evidence. Price v. State, 117 Ala. 113, 23 So. 691; Wilson v. State, 191 Ala. 7, 67 So. 1010; Sharp v. State, 193 Ala. 22, 26, 69 So. 122." Curry v. State, 203 Ala. 239, 242, 82 So. 489, 492. We find no error in admitting the confessions in evidence. We here note that no evidence was offered on behalf of appellant to contradict the State's evidence that the confessions were freely and voluntarily made.

Appellant's wife elected to testify against him. Code 1940, Tit. 15, § 311. Before testifying she was advised by the solicitor and her own counsel that she could not be compelled to testify against appellant. She replied in each instance that she wanted "to tell the truth". She was also questioned by the court as to her willingness to testify. She again stated that she wanted "to tell the truth". Aside from appellant, she was the only eye witness to the shooting in front of their house. Her testimony, in some material respects, is in direct conflict with appellant's testimony given on the trial but conforms generally with the statements contained in appellant's confessions.

Appellant's wife was placed in custody shortly after appellant's arrest and was held in jail until about two weeks before the trial. On being taken into custody she was brought together with appellant, after appellant had made his confessions, and was told by him at that time to tell the truth. She then made an oral statement. That was several days after the shooting and about four months before the trial. There is nothing to indicate that the statement of facts given by her then was in any respect different from her testimony on the trial. Whether the wife was properly held in jail can have no bearing on her right to testify at her election. Of course, if her decision to testify against her husband was the result of coercion against her will, then her decision was not voluntary. But we find nothing in the record to indicate that her decision was motivated by anything except a desire "to tell the truth".

Counsel for appellant make the point that the trial court committed reversible error in sustaining the State's objection to the following question asked appellant's wife on cross-examination, viz.:

"Now, Mary, I will ask you if during this three months if any of your family ever came to visit you over there in the jail or to get you out of jail?"

Appellant argues the point as follows:

"The purpose of that question was to show bias and prejudice of this witness against the Defendant. Her testimony was that she had been in jail for approximately three months and that she was held as a material witness to the killing. Her answer to this question would indicate her feelings toward the Defendant and would be very essential in showing her prejudice against her husband for not arranging for her to

be released from jail or attempting to see that she got bond during the period he was held awaiting trial."

We cannot agree with appellant's insistence that the trial court's ruling calls for a reversal. Suffice it to say that we are unable to see how the fact that the witness' family either did or did not visit her in jail or come to get her out of jail could have any bearing on the witness' feelings toward her husband.

On consideration of all of the evidence, it is clear to us that the question of appellant's guilt was purely and simply one for the jury's determination. The jury resolved the factual issues, including the issue of self-defense, against appellant. We find nothing in the record to warrant a reversal of the judgment rendered on the jury's verdict.

There were no requests for written charges to the jury. The law of the case was ably and fully stated by the trial judge in his oral charge to the jury.

The judgment is due to be, and is, affirmed.

Affirmed.

All the Justices concur.