100 So.2d 769

**Roy HUFF**

**v.**

**STATE of Alabama.**

**2 Div. 383.**

Supreme Court of Alabama.

Nov. 21, 1957.

Rehearing Denied March 6, 1958.

1. Ante p. 147.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

Fred D. Gray, Montgomery, for appellant.

SIMPSON, Justice.

Roy Huff was indicted and convicted of the offense of rape and sentenced to death. From this conviction he appeals.

Appellant argues that he was not actively and properly defended by his court-appointed attorneys; that his confession was improperly admitted into evidence; that he was not served with a copy of the venire; and that the verdict of the jury was contrary to the great weight of the evidence.

The facts disclosed by the record are: The prosecutrix was at her home on the day of July 25, 1956. During the morning the defendant came by the home of the prosecutrix seeking directions to a certain sawmill. She gave him the directions, and he asked for some matches, which she also gave him. He left and returned in

the afternoon of the same day. At that time the prosecutrix was sitting on the front porch of her home with her infant child in her arms when she saw the defendant advancing around the house between some hedge and the house. Upon discovering the defendant's movements, the prosecutrix became frightened and began running and screaming. The defendant immediately began pursuit. After she ran some distance with the child in her arms, the defendant overtook her, subduing her by placing one arm around her shoulders and holding a knife in his other hand with which he threatened the victim. By these threats and his menacing attitude he forced the prosecutrix to accompany him into the woods; he there committed the rape, keeping his victim at the point of his knife. During this time the prosecutrix had her infant child with her. Upon detecting a car traveling upon a nearby highway, the defendant became frightened and left the scene of the crime. The prosecutrix then went to a nearby house, made complaint, and the sheriff was notified. The sheriff went to the scene of the crime and upon being given a description of the suspect, went to the home of the defendant and there arrested him. He also searched the defendant's abode and found the shirt worn by defendant and the knife he had used to accomplish the crime. This was the same day, not long after the crime was committed, and thereupon a warrant was duly issued for the arrest of the defendant.

■ All the essential elements necessary to constitute the offense of rape were abundantly proven (Taylor v. State, 249 Ala. 130, 30 So.2d 256), so it cannot be said that the verdict of the jury was contrary to the great weight of the evidence.— See 16 Ala. Dig., Rape, ⊕51(1), p. 824.

■ There was no error in admitting the confession of the defendant. He made the confession on the night of July 27. Proper predicate was laid showing that the confession was voluntary and that no promise, or offer of reward, was made, nor any duress practiced upon the accused to induce it.—6 Ala. Dig., Criminal Law, ⊕517(1), p. 586 et seq.; Smitherman v. State, 264 Ala. 120, 85 So.2d 427; Hines v. State, 260 Ala. 668, 72 So.2d 296. Following are the circumstances surrounding the confession: The accused was arrested at his home soon after the crime was committed and taken to the county jail where he was lodged. There he was questioned by the sheriff of his home county, a state investigator, a state toxicologist and the toxicologist's assistant. There is no evidence of prolonged and exhausting periods of questioning; no evidence of anything but fair treatment at the hands of the officers of the law. All those who were present when the confession was made testified that no promises were made, or threats or abuses pressed upon the defendant. The evidence surrounding the confession shows that the sheriff had been down to the hospital to talk to the victim and upon returning to his office around midnight brought the accused from his cell and after a short interrogation, the accused made his statement, which was written down by one of the state investigators, and after being fully read to the accused and after he was again told he did not have to sign it, he voluntarily did so. Merely because the confession was made late at night does not establish prima facie that the accused was forced or coerced. None of those practices denounced in such cases as Fikes v. State of Alabama, 352 U.S. 191, 77 S.Ct. 281, 1 L.Ed.2d 246, were present in this case. There is no evidence that the prisoner was held incommunicado for an extended period of time nor that he was transported to a place other than his home county, nor that he was subjected to any improper treatment. We think the trial court properly admitted the confession into evidence.

Present counsel for the accused states in his brief and argument that the accused is an "ignorant and possibly mentally deficient Negro". This is merely conjecture of counsel, for nowhere in the record is

it disclosed that the accused is other than a normal person.

■ The trial of this case was begun on November 27, 1956. The appellant argues that a copy of the venire and indictment were not properly served upon the defendant. However, the record affirmatively shows that these were duly served on defendant on November 24, 1956.—Title 30, § 63, Code of Ala., 1940.

■■ Next it is argued for the appellant that he was not diligently represented by trial counsel. If the accused is unable to employ counsel, and he is charged with a capital offense, then the court must appoint counsel to represent him.—Title 15, § 318, Code of Ala., 1940. In the present case the trial court appointed two reputable local counsel to defend the accused. In no way is it shown that appointed counsel were incompetent, but to the contrary, they were both men of high professional standing in their community. Both are experienced trial attorneys. "Upon the trial judge rests the duty of seeing that the trial is conducted with solicitude for the essential rights of the accused. * * * The trial court should protect the right of an accused to have the assistance of counsel." Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 465, 86 L.Ed. 680. Had the accused been denied counsel altogether, then clearly there would have been a violation of the Fourteenth Amendment. Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; Brown v. State of Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682. However, as aforestated, accused had the aid and assistance of two qualified, well experienced attorneys at his trial. While the constitutional guaranty of counsel cannot be satisfied by a mere formal appointment (Avery v. State of Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377), if the appointed counsel presents wholeheartedly the entire defense available to the accused, then he has completely fulfilled his duty. 8 United States ex rel. Foley v. Ragen, D.C., 52 F.Supp. 265.

■ The present counsel for the appellant makes a strong argument that the people of the locale of the crime were greatly aroused and that the attorneys could not, or did not, diligently defend their client because of the fear of economic reprisals by these people, etc. This is not only completely absent from the record, but is completely baseless from the inferences of record. There is not the slightest evidence that this was anything but an orderly trial ot a confessed rapist. There were no outbursts of feeling, nor any other untoward circumstances indicative of mistreatment of any person involved in this proceeding. On the contrary, the court-appointed counsel apparently pursued the defense of their client in a manner which they deemed most appropriate. Whatever views present counsel for the accused may entertain with regard to the conduct of the trial does not necessarily mean that the avenues of defense taken by trial counsel were inadequate or insufficient under the circumstances. From aught appearing trial counsel pursued the best available defense open to the accused. Much is said about the various things trial counsel failed to do, but much must be left to the discretion of the attorneys in the conduct of a criminal case. See Arrington v. State, 253 Ala. 178, 43 So.2d 644, 646; certiorari denied 339 U.S. 950, 70 S.Ct. 798, 94 L.Ed. 1363.

Consistent with our duty, the entire record has been examined and we find no error injurious to the defendant.

Affirmed.

All the Justices concur except STAKELY, J., not sitting.

On motion for rehearing.

Application for rehearing overruled.

All the Justices concur except STAKELY, J., not sitting.