**T. C. THOMAS, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 71–2256

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Dec. 22, 1971.

---

* [1] Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Robert C. Rice, Dallas, Tex., for petitioner-appellant.

Crawford C. Martin, Atty. Gen. of Texas, Glenn R. Brown, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

T. C. Thomas appeals from the order of the district court denying his application for a writ of habeas corpus in connection with his conviction upon a plea of guilty to a Texas indictment charging burglary. The district court denied the writ without a hearing after reviewing the record of the evidentiary hearing held on a similar motion in the Texas courts. The district court also examined the transcript of the proceedings when Thomas entered his plea of guilty. This transcript was not presented to the Texas court during the hearing on Thomas' application for state court habeas corpus. We affirm.

Thomas contends that the district court erred in holding that his plea of guilty was not coerced and that his state

court counsel was not ineffective. He also complains that the district court should not have considered the transcript of the proceedings when the plea of guilty was made and contends that the district court should not have denied the writ without first holding an evidentiary hearing.

Thomas was indicted in 1967, in Dallas County, Texas, for burglary enhanced by two prior convictions. He was represented by counsel appointed by the court on the day of his arraignment. At the arraignment hearing Thomas was assisted by counsel. There, in writing and in open court Thomas waived his rights to trial by jury and the ten day period of preparation for trial, agreed to stipulated testimony evidencing his guilt of the offense charged, and entered a plea of guilty to the charge of burglary.

■ Under the standards set forth by the Supreme Court in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963) this court has previously approved the Texas post conviction remedy and procedures as set forth in Art. 11.07 Vernon's Ann.Texas Code of Criminal Procedure. Carroll v. Beto, 379 F.2d 329 (5th Cir. 1967); Texas v. Payton, 390 F.2d 261 (5th Cir. 1968).[1] In addition, Townsend clearly indicates that a district court may properly compel production of the complete state-court

record for its use in determining whether a habeas applicant has received a full and fair state court evidentiary hearing resulting in reliable findings. 372 U.S. at 318–319, 83 S.Ct. at 759–760, 9 L.Ed. 2d at 789. Accordingly we find no error in the district court's consideration in this case of the transcript as part of the record as a whole.[2]

■ The district court found that the state judge's rejection of Thomas' testimony at the Texas post conviction hearing was fairly supported by the whole record which clearly evidenced that the plea was knowingly and voluntarily entered. The court further found that the issues were fully capable of being determined from the record and that Thomas had failed to prove his charge of ineffective assistance of counsel.

After reviewing the record in this case, including the proceedings when the guilty plea was received, we agree with the district court that a further evidentiary hearing was unnecessary under the tests set forth in *Townsend, supra.* The findings that Thomas' plea of guilty was knowingly and voluntarily entered and that Thomas failed to prove that the assistance of his counsel was ineffective are supported by the record and are not clearly erroneous. See O'Neal v. Smith, 431 F.2d 646 (5th Cir. 1970); Lamb v. Beto, 423 F.2d 85 (5th Cir. 1970).

The judgment is affirmed.

---

1. We find no merit in Thomas' claim that the district court erred in failing to hold that the refusal of the Texas court to grant a jury trial in his state post conviction hearing amounted to a denial of due process and equal protection of the laws of Texas. Due process does not require an evidentiary hearing in a federal court in every habeas corpus case. A federal evidentiary hearing upon application for habeas corpus is only required when the state court trier of fact has not reliably found the relevant facts after a full evidentiary hearing. Townsend v. Sain, 372 U.S. at 312–313, 83 S.Ct. at 756–757, 9 L.Ed.2d at 785; Harris v. Nelson, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969). *Cf.,* Case v. Nebraska, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965); Procunier

v. Atchley, 400 U.S. 446, 91 S.Ct. 485, 27 L.Ed.2d 524 (1971). The fact that Texas law, as construed and applied by the Texas courts, does not provide for a jury determination of the fact issues raised in a Texas post conviction proceeding, does not demonstrate an invidious discrimination nor render the findings of the state court inherently unreliable in violation of the 14th Amendment.

2. Thomas' challenge to the court's consideration of the transcript based upon its authentication by the court reporter instead of the clerk of the court as required by 28 U.S.C. § 2254(f) raises nothing more than possible harmless error in the absence of any claim that this transcript is inaccurate or incomplete.