LEIGH M. CLARK, Retired Circuit Judge.
A jury found appellant-defendant guilty of robbery. The court fixed his punishment at imprisonment for ten years and sentenced him accordingly.
Appellant is represented by counsel appointed by the court by reason of the indi-gency of appellant. The only issue raised on appeal is thus stated in appellant’s brief:
“Whether appellant was inadequately represented by counsel at the trial of his case to the-extent that it would deny him his Sixth Amendment rights to adequate counsel?”
The main contention of appellant is that his attorney on the trial did not invoke rulings of the trial court by objection or motion as to certain evidence introduced by the State, by a motion to exclude the evidence at the conclusion of the State’s evidence and by requests for the general affirmative charge in favor of defendant, and that by reason thereof appellant cannot obtain a successful review of the judgment of the trial court. He states in his brief:
“While the trial itself was not‘in all likelihood and from looking at the transcript could not be considered a farce, sham, or mockery in the presentation of evidence, it does appear to have a different look when viewed from the perspective of protection of the trial record for purposes of a potential appeal. The failure of trial counsel to make timely objections and motions in opposition of out of court identification, the sufficiency of the state’s case, or the sufficiency of the entirety of the evidence to sustain a verdict of guilt effectively removes these avenues of appeal from the Appellant’s repertoire. Therefore, Appellant is left naked in his efforts to allege grounds for an appeal.”
Appellant thereby raises, indirectly at least, an extraordinarily interesting question, one that has been often pondered, but seldom, if ever, expressed: Does an attorney representing a defendant in a jury trial of a criminal case fail to meet the standard required of him if and when he fails to invoke a ruling of the trial court as to the sufficiency of the evidence to justify a submission of the case to the jury? Perhaps that question cannot be answered “yes” or “no” with absolute certainty. Such an answer is not necessary in this case, and we will not attempt it. However, we can hardly escape in this case some consideration of the question.
Bearing in mind the restriction upon the ability of an appellate court t.o reverse the judgment of a trial court on the ground of the insufficiency of the evidence to support the verdict of a jury unless action of the trial court has been appropriately invoked by defendant, it can with confidence be stated that attorneys generally learn during an early period of their trial experience that almost always they should appropriately invoke rulings on the subject. On the other hand, it is a known fact that sometimes highly regarded attorneys do not *176 do so. If such inaction is more than a mere inadvertence, sometimes caused by concentration upon matters of paramount importance in the case, the stated reason would probably be that defendant was unquestionably not entitled to a favorable ruling on the subject, which, if invoked, would have been futile. Even then, however, the propriety of such inaction is highly questionable, for the danger of the consequences of fallibility is obvious. That an attorney would have much to regret is an understatement, if he has failed to invoke a favorable ruling for a defendant on the ground of the insufficiency of the evidence to justify a submission of the ease to the jury if, indeed, he was entitled to such a ruling and there was no other basis of vitiating a verdict finding the defendant guilty. It is to be kept in mind, of course, that the same or lesser ground would entitle him to a favorable ruling on a motion for a new trial. Code of Alabama 1975, § 15-17-5. Nevertheless, the remedy in the form of a motion for a new trial is not without procedural hazards.
In the instant case, there was undisputed evidence that the alleged victim was robbed as charged in the indictment. The victim identified the appellant as one of the four men who robbed him. A spectator or customer at the washeteria where the alleged victim was robbed testified that appellant was one of the men who committed the robbery. Defendant would not have been entitled to a ruling in favor of defendant on any motion to exclude the evidence or on any request for a directed verdict or general affirmative charge in favor of defendant. We must conclude, also, that any invocation by defendant of such a ruling would have been futile. As to this, there is no contention to the contrary, and no such contention can reasonably be made. For that reason, there was no injury to defendant as a result of his attorney’s failure to invoke a ruling of the trial court on the question of the sufficiency of the evidence to justify a submission of the case to the jury.
Appellant weaves into his main contention a claim that defendant’s attorney on the trial was at fault in not objecting to evidence presented by the State as to the alleged victim’s corroboration of his in-court identification of defendant by his previous out-of-court identification of a photograph of defendant shown him by officers, together with photographs of other people. It cannot be said that such action or such inaction of counsel is necessarily detrimental to the welfare of a defendant. It is often the case that defendant gains much by his introduction, or permitting the introduction by the State, of evidence of photographic out-of-court identification and thereby disparaging in the minds of the jurors the in-court identification. We should not endeavor to outguess or outjudge defendant’s attorney on the point. This is especially true in view of what we deem to have been the very excellent service rendered defendant by his trial attorney, as now stated.
Although the verdict of the jury is unquestionably supported by the evidence and should not be disturbed, defendant’s attorney handled the defense in a most commendable way that gave unusually good ground for a verdict that defendant was not guilty. Defendant’s counsel found some weakness in the testimony of the victim as to his identification of defendant. He also found and disclosed to the jury, in the most favorable light possible to the defendant, a facially likely reason for disbelieving testimony of the other witness who identified defendant as one of the robbers. By the testimony of defendant himself, defendant’s mother and others, he presented the defense of an alibi that was calculated to weaken materially the State’s case. He did not convince the jury that his client was not guilty, but he has convinced us that he did the best he could and that the best of others would probably have done no better.
There is no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article *177 (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.