**Johnny HARRIS, Plaintiff-Appellant,**

v.

**Joseph OLIVER, Warden of the Holman Unit Prison et al., Defendants-Appellees.**

**No. 80–7240.**

United States Court of Appeals, Fifth Circuit. Unit B

May 18, 1981.

Rehearing and Rehearing En Banc Denied June 23, 1981.

---

Allison, Soreff & Garber, Eleanore M. Garber, William H. Allison, Louisville, Ky., H. Diana Hicks, c/o Michael Avery, Boston, Mass., W. Clinton Brown, Decatur, Ala., for plaintiff-appellant.

Joseph G. L. Marston, III, Asst. Atty. Gen., Montgomery, Ala., for defendants-appellees.

Before TJOFLAT, FAY and VANCE, Circuit Judges.

VANCE, Circuit Judge:

On pleas of guilty petitioner was convicted in the state courts of Alabama in 1971 of four counts of robbery and one of rape. He received five consecutive life sentences. At the time of his conviction each of the charges carried a maximum penalty of death. Petitioner was represented by two court-appointed attorneys who cooperated in the handling of all five cases. The sentences were agreed to by plea agreement reached when the first of the cases was called for trial on April 6, 1971 and the court was in the process of qualifying the jury.

In 1975 while petitioner was serving the sentences as an inmate in the Alabama prison system, he was convicted of murder under Ala.Code § 13–1–75 (1975) and sentenced to the mandatory death penalty prescribed by that section.

By this petition for habeas corpus petitioner seeks to have his life sentences vacated and set aside on the theory that applicability of the mandatory death penalty sentences provided in § 13–1–75 will thereby be eliminated. In a separate proceeding not now before this court, he attacks his murder conviction.[1]

Prior to the filing of his petition for writ of habeas corpus in the district court, petitioner had exhausted his state remedies by petition for writ of error coram nobis. An evidentiary hearing held by the state trial court consumed five days. Its order denying relief was appealed by petitioner and affirmed. *Harris v. State*, 367 So.2d 524 (Ala.Cr.App.1978), *cert. denied*, 367 So.2d 534 (Ala.1979).

The present petition was referred by the district judge to a United States magistrate

---

1. At the time of oral argument a second petition for Writ of Error Coram Nobis attacking petitioner's 1975 conviction and death sentence was pending before the state trial court in Baldwin County, Alabama.

who, without a hearing, recommended that the petition be denied. The magistrate's detailed opinion reflected a meticulous examination of the lengthy state court record. The recommendation was adopted and approved and the district court denied the petition.

On appeal petitioner advances four primary contentions: (1) that the district court erred in finding that he had received reasonably effective assistance of court-appointed counsel in connection with his pleas of guilty; (2) that the district court's finding that his pleas of guilty were informed and voluntary was clearly erroneous; (3) that he was not afforded a full and fair hearing during the state coram nobis proceeding; and (4) that the district court abused its discretion when it denied petitioner's request for discovery. We conclude that the third of Harris' contentions necessitates a remand to the district court for an evidentiary hearing.

■ Our consideration centers on the state trial judge's decree dated April 19, 1978 denying the petitions for writ of error coram nobis. The state circuit judge conducted an extensive hearing, but his decree did not include explicit findings of fact. The findings were in the nature of conclusions only. Although they might otherwise be sufficient, they are flawed by the statement of applicable law recited by the state judge immediately prior to his critical finding:

> In *Williams v. Beto*, 354 F.2d 698, 704 (5th Cir. 1965), the Fifth Circuit Court of Appeals said:
>> It is the general rule that relief from a final conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory or without adequate opportunity for conference and preparation.

The recitation is not a correct statement of the applicable standard. The standard now recognized in this circuit is that of "reasonably effective assistance." In *Herring v. Estelle*, 491 F.2d 125 (5th Cir. 1974), we stated:

> Reasonably effective assistance is an easier standard to meet in the context of a guilty plea than in a trial, but counsel still must render competent service. *See Tollett v. Henderson*, 1973, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235. It is the lawyer's duty to ascertain if the plea is entered voluntarily and knowingly. *Lamb v. Beto*, 5th Cir. 1970, 423 F.2d 85, 87, cert. denied, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84. *See Walker v. Caldwell*, 5th Cir. 1973, 476 F.2d 213; *Colson v. Smith*, 5th Cir. 1971, 438 F.2d 1075; *O'Neal v. Smith*, 5th Cir. 1970, 431 F.2d 646. He must actually and substantially assist his client in deciding whether to plead guilty. *Walker v. Caldwell, supra*, 476 F.2d at 224. It is his job to provide the accused an "understanding of the law in relation to the facts." *Id.* at 218. The advice he gives need not be perfect, but it must be reasonably competent. *Colson v. Smith, supra*, 438 F.2d at 1081 n.5. His advice should permit the accused to make an informed and conscious choice. *Id.* at 1079. In other words, if the quality of counsel's service falls below a certain minimum level, the client's guilty plea cannot be knowing and voluntary because it will not represent an informed choice. And a lawyer who is not familiar with the facts and law relevant to his client's case cannot meet that required minimal level.[6]

> [6] "Effective counsel includes familiarity of counsel with the case and an opportunity to investigate it if necessary in order meaningfully to advise the accused of his options."

*Id.* at 128 (citation omitted).

The magistrate recognized that the state court had misstated the applicable standard but held,

> [I]t is the magistrate's opinion that the ultimate finding by the Circuit Court of Jefferson County that petitioner did receive reasonably effective assistance of counsel is amply supported by the record in the coram nobis proceeding. . . .

Despite the magistrate's careful examination of the record, such a conclusion does not form sufficient basis for denial of the petition without a hearing.

*Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), sets forth the criteria for determining when a federal habeas court may adopt the factual findings of a state court without conducting an evidentiary hearing.[2] Among the mandates defined by *Townsend* is that a federal hearing must be held unless the state court trier of fact has after a full hearing *reliably* found the relevant facts. *Id.* at 312–13. *Accord, Thomas v. Beto*, 452 F.2d 1072, 1074 n.1 (5th Cir. 1971), *cert. denied*, 409 U.S. 853, 93 S.Ct. 186, 34 L.Ed.2d 97 (1972); *Randel v. Beto*, 354 F.2d 496, 503 (5th Cir. 1965), *cert. denied*, 387 U.S. 935, 87 S.Ct. 2058, 18 L.Ed.2d 996 (1967). If purely historical facts are found which are uncontaminated by legal error, the federal court may rely on such state findings. Even if no express findings are made it may still be possible for the federal court to rely on facts impliedly found provided that the constitutional claim was decided on the merits. *Townsend* recognizes, however, that this inference of factual findings is impossible where the state court has used an incorrect legal standard:

> Reconstruction is not possible if it is unclear whether the state finder applied correct constitutional standards in disposing of the claim. Under such circumstances the District Court cannot ascertain whether the state court found the law or the facts adversely to the petitioner's contentions. Since the decision of the state trier of fact may rest upon an error of law rather than an adverse determination of the facts, a hearing is compelled to ascertain the facts.

372 U.S. at 314, 83 S.Ct. at 757. The Court went on to note:

Of course, under *Rogers v. Richmond* [365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961)], a new trial is required if the trial judge or the jury, in finding the facts, has been guided by an erroneous standard of law. However, there will be situations in which statements of the trier of fact will do no more than create doubt as to whether the correct standard has been applied. In such situations a District Court hearing to determine the constitutional issue will be necessary.

*Id.* at 315 n.10, 83 S.Ct. at 758 n.10.

The state court in the case before us made no specific findings of historical fact and its general determinations are infected by its erroneous view of the controlling legal standard:

> On due and careful consideration of the evidence before this Court on each of the grounds of the Petitions and the Amendment thereto, separately and severally, it is the opinion of this Court that no ground of the Petitions and the Amended Petitions is well founded. It is further the opinion of this Court that the petitioner was not denied any right afforded him under the Constitution of the United States or the Constitution of the State of Alabama nor under any law thereof; that he voluntarily and intelligently and understandingly entered pleas of guilty in each case with full knowledge of all of his rights, including those he was waiving by entering said pleas; that the pleas were voluntarily, knowingly and intelligently made along with and on the advice of capable, experienced, competent and effective attorneys. It is, therefore, the opinion of this Court that the Petitions and the Amended Petitions and each ground thereof should be denied.[3]

The opinion offers no findings of fact and the state court's use of the "farce or mockery of justice" standard renders their reconstruction impossible. *Cf. United States ex*

---

**2.** The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d).

**3.** We note that even if the state court had employed the correct constitutional standard, the determination that petitioner had received effective assistance of counsel is not itself a

finding of historical fact but a determination of a mixed question of law and fact not entitled to a presumption of correctness under 28 U.S.C. § 2254(d). *See Mason v. Balcom*, 531 F.2d 717, 721–22 (5th Cir. 1976).

*rel. Liss v. Mancusi*, 427 F.2d 225, 229 (2d Cir. 1970) ("Of course, no reconstruction of the facts could be made if it were not clear that the state trial court had applied correct constitutional standards.")

Accordingly, an evidentiary hearing is required under *Townsend*. It is not enough for the magistrate to find that the record supports the state judge's ultimate finding. The record presents a sharp conflict in the evidence. Petitioner disputed the testimony of his attorneys in critical respects. Credibility choices were required which demand, as we have often noted, that the factfinder observe the witness. *See, e. g., Louis v. Blackburn*, 630 F.2d 1105, 1110 (5th Cir. 1980). As the Court stated in *Townsend*:

> Where an unresolved factual dispute exists, demeanor evidence is a significant factor in adjudging credibility. And questions of credibility, of course, are basic to resolution of conflicts in testimony. To be sure, the state-court record is competent evidence, and either party may choose to rely solely upon the evidence contained in that record, but the petitioner, and the State, must be given the opportunity to present other testimonial and documentary evidence relevant to the disputed issues.

372 U.S. at 322, 83 S.Ct. at 761 (footnote omitted).

We note that the fourth circuit when confronted with facts similar to those in the present case arrived at the same conclusion we reach today. After discussing the applicable law the fourth circuit held: "The Superior Court's silence with respect to disputed, historical facts, coupled with its reliance on the farce and mockery of justice test for determining the competency of counsel makes it inappropriate for the district court to decide this case solely on the basis of the state records." *Fuller v. Luther*, 575 F.2d 1098, 1101 (4th Cir. 1978).

 We reject petitioner's contentions that the record compels a finding that he was denied the effective assistance of counsel and that his pleas of guilty were not informed and voluntary. If credited, the evidence detailed in the magistrate's opinion will support a contrary holding.

We consider it unnecessary to deal with petitioner's final contention concerning denial of discovery. The matter is within the discretion of the trial court and not a matter of right. *Harris v. Nelson*, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969). We have no way of anticipating how the trial court will rule on this request in view of our requirement that an evidentiary hearing be held.

We vacate the district court's judgment denying relief. We retain jurisdiction but remand the case to the district court for an evidentiary hearing to determine whether petitioner received effective assistance of counsel. After its hearing the district court's findings and conclusions and judgment entered thereon shall be returned to this panel.

VACATED and REMANDED with instructions.