Willie James Mitchum was charged with murder in the first degree and at arraignment entered a not guilty plea. Thereafter, through counsel, Mitchum appeared in open court and withdrew his plea, entered a plea of guilty and the record shows a full colloquy establishing that the appellant was fully advised of his constitutional rights, both by his counsel, Mr. Reynolds T. Alonzo, Jr. and the trial judge, the Honorable Ferrill D. McRae, pursuant to Boykin v. Alabama, 395 U.S. 238,89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and Carter v. State,291 Ala. 83, 277 So.2d 896 (1973). There was no appeal from this guilty plea proceeding at which the appellant was sentenced to 30 years' imprisonment.
The instant appeal arises from the denial of a Petition for Writ of Error Coram Nobis, filed by the appellant, seeking to set aside his original conviction and sentence of 30 years' imprisonment.
 I
At the hearing conducted by the trial court on the appellant's petition, pursuant to Ellison v. State,406 So.2d 439 (Ala.Cr.App. 1981) and Kennedy v. State, 409 So.2d 1010
(Ala.Cr.App. 1982), the trial court found that the appellant had intelligently, understandingly and voluntarily entered his plea of guilty after full explanation of his constitutional rights by his originally appointed counsel and the trial court. The record on appeal to this court fully sustains the trial court's findings.
Despite the appellant's own testimony that he entered his plea of guilty originally because he thought he was going to get a sentence of ten years, the record of the coram nobis proceeding and of the original guilty plea proceeding fully discloses that the range of punishment was fully covered by the trial court pursuant to Carter v. State, supra.
Moreover, the appellant testified that his attorney had explained this to him and under questioning by the trial court the appellant replied that he also understood this and stated that he had no complaints as to the representation by counsel or the advice of counsel.
The record further discloses that the appellant went through the sixth grade in school and had previously signed a statement that he could read and write. *Page 170 
Under question by the trial court, the appellant stated that he fully understood his constitutional rights and there is a full Boykin v. Alabama colloquy in the record which sustains this finding by the trial judge.
The appellant's assertion that his counsel did not adequately represent him is an unfounded claim, not sustained by the record in the trial court. Not only has the appellant failed to establish that the conduct of his counsel reduced the original trial proceeding to a farce, sham or mockery, Robinson v.State, 361 So.2d 1172 (Ala.Cr.App. 1978) but also the appellant has fallen far short of establishing that he was denied the "reasonably effective" assistance of counsel standard set forth in Harris v. Oliver, 645 F.2d 327 (5th Cir. 1981).
We hold that the appellant has substantially failed to meet the burden of proof required in attempting to sustain the allegations made in this proceeding. Cannon v. State, 6 Div. 750 (Ala.Cr.App. April 20, 1982.)
There is nothing in this record before us which even slightly indicates that the findings of the trial court are not correct. The judgment of the trial court is therefore due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.