Billy Frank Trammell was originally charged with burglary in the second degree, was arraigned with counsel, found guilty as charged by the jury and sentenced to five years' imprisonment by the trial court. Thereafter, an appeal from this conviction was perfected to this court where same was affirmed, Trammell v.State, 377 So.2d 12 (1979).
The instant appeal arises from the denial of a Petition for Error Coram Nobis by the Circuit Court of Marshall County after conducting a hearing on the merits of Trammell's allegations. Different counsel had been appointed in circuit court to assist Trammell in presenting this petition to the circuit court.
 I
The trial court, pursuant to this court's opinions in Ellisonv. State, 406 So.2d 439 (Ala.Cr.App. 1981) and Kennedy v. State,409 So.2d 1010 (Ala.Cr.App. 1982), first appointed counsel to represent Trammell at the hearing and then fully considered the allegations made in the coram nobis petition. The court after the hearing at which the transcript of the original trial proceeding was placed in evidence, denied the petition in question citing this court's opinion in Corley v. State, 397 So.2d 223
(Ala.Cr.App. 1981).
The appellant's principal allegation was that his trial counsel was "ineffective" and that he had not called a certain witness which the appellant desired.
These allegations are not sustained by the transcript of the proceedings, either at the original trial or from the testimony given at the coram nobis proceedings in circuit court. To the contrary, the record fully sustains the trial judge's findings that the appellant was fully and competently represented by his original counsel and that witnesses were presented at the original trial who attempted to establish an alibi in appellant's behalf.
Not only has the appellant failed to establish that the conduct of his counsel reduced the original trial proceeding to a farce, sham or mockery, Robinson v. State, 361 So.2d 1172 (Ala.Cr.App. 1978) but also the appellant has fallen far short of establishing that he was denied the "reasonably effective" assistance of counsel standard set *Page 856 
forth in Harris v. Oliver, 645 F.2d 327 (5th Cir. 1981). See alsoMitchum v. State, 414 So.2d 168 (Ala.Cr.App. 1982).
We therefore hold that the appellant has substantially failed to meet the burden of proof required in attempting to sustain the allegations made in this proceeding. Cannon v. State,416 So.2d 1097 (Ala.Cr.App. 1982).
There is nothing in this record before us which even slightly indicates that the findings of the trial court are not correct. The judgment of the trial court is therefore due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.