TYSON, Judge.
The appellant, J.C. Smith, was indicted for unlawfully selling a controlled substance, Pentazoftine, in violation of § 20-2-70, Code of Alabama 1975. The jury found him “guilty as charged” and the trial judge sentenced him to 15 years’ imprisonment in the penitentiary.
On November 12, 1982, Wilson Mitchell, an undercover narcotics officer with the Mobile Police Department, and a confidential informant named “Fats” went to the home of the appellant to purchase some drugs. When they arrived, Wilson Mitchell said he wished to buy two packages and the appellant, Smith, stated he had just received a shipment. A young woman named Ann then went into a bedroom and removed the pills from a box approximately two and one-half feet high. After Wilson Mitchell received the pills, he gave the appellant $130.00. There were 10 pills in each of the two packages. The appellant told them he would let them know when he received another shipment and the two left.
Sylvia Bryant, a criminalist with the Mobile Police Department, testified on November 15, 1982, that two packages containing 39 pills were turned over to her for examination. After a series of tests, she identified 20 of the pills as the controlled substance Talwin (also known as Pentazocine).
The defense then called Officer Rasey Smith who testified the police believed the appellant, Smith, was selling large quantities of drugs from his- home — approximately $50,000 every one or two weeks.
The appellant took the stand and denied selling the drugs or that he had ever sold pills. He stated he was 64 years old and had lived in the same Jim Walter home for 30 years. He received income from selling goldfish, working on cars, cutting grass and social security.
I
The appellant claims he was denied the effective assistance of counsel. The standard in the courts of Alabama for determining whether a defendant has received ineffective assistance of counsel in a legal sense is that the attorney’s conduct must be shown to have reduced his client’s trial to a farce, sham, or mockery of justice. Bass v. State, 417 So.2d 582 (Ala.Cr. App.1982), writ denied, 417 So.2d 588 (Ala.1982).
*1349 Representation is presumed to be adequate and the defendant has the heavy burden of establishing that it was not, particularly when the appellant has retained his own attorney, as the appellant, Smith, did here. Bass v. State, supra.
The appellant claims his attorney should have filed pre-trial discovery motions. “... [TJhere is no rule stating that trial counsel’s failure to file pre-trial motions constitutes per se inadequacy of representation. The failure to act must cause the trial to be reduced to a farce, sham or mockery of justice. See generally Pace v. State, 369 So.2d 1281 (Ala.Cr.App.1979).” Bass v. State, supra. The appellant has not shown us that his trial was reduced to a farce, sham or mockery of justice by his trial counsel’s failure to file pre-trial discovery motions.
The appellant’s contention that his attorney’s failure to object to the chain of custody of the alleged drugs which were introduced at trial was ineffective representation is also without merit.
From our review of the record, the attorney wisely used his professional judgment and decided not to object because he saw no problems with the chain of custody and wished to conserve the court’s time and not distract the jury with needless objections.
The appellant further contends that he was not well represented at trial because defense counsel purposefully elicited unfavorable evidence concerning the appellant on examination of Rasey Smith. Obviously, defense counsel was attempting to get the State’s witnesses to portray the appellant as a major drug dealer, hoping the jury would think this was absurd, because the appellant was elderly and lived so very modestly. “An adequate defense in the context of a constitutional right to counsel does not mean that counsel will not commit what may later prove to be tactical errors.” Bass v. State, supra. Although this may not have been the best course of defense to pursue, we must admit it was ingenious and a valid defense. We fail to see how this particular defense tactic denied the appellant adequate trial representation.
Lastly, the appellant argues that defense counsel’s failure to object to the trial judge’s instructions to the jury when they returned during their deliberations to ask a question was error.
The pertinent part of the record is as follows:
“THE COURT: The jury have a question?
“MR. HORTON: Yes, sir. We have three of us that couldn’t find a verdict cause they have reasonable doubt and we was just wanting to know how long we’re suppose to deliberate.
“THE COURT: Well, your verdict must be unanimous either way. That is either to convict or to acquit. And I’d rather not declare a mistrial at this point. I’d rather have you deliberate further in the case.
“Let me say this to you, and at the outset let me say that in no way am I trying to suggest to any of you that you should compromise your principles, but you do owe a duty to yourselves and to the Court and to the defendant and the State to sit down and reconsider and re-evaluate your positions and, you know, see if you have not maybe considered something that the other jurors have and just exchange fully your views and try to reach a verdict. We don’t like to declare mistrials because you people represent a cross section of our community and you’re good and intelligent jurors and someone somewhere has got to resolve this and you’ve heard all the evidence that any twelve jurors could hear and the State’s entitled to a verdict and the defendant’s entitled to a verdict. So would you just consider it a little bit further?
“Is there any point of law that I might help you with? Any juror have a question or anything? All right. Yes, sir?
“JUROR: The question that some of us had was the fact that there were possibly two other witnesses to this alleged crime that were not present here today.
*1350 “THE COURT: All right. My recollection of the testimony, and if you all have a different recollection let me know, was that there was one witness whose whereabouts are unknown. Is that the testimony?
“MS. BEDWELL: Yes, sir.
“THE COURT: So we’ll never be able to get him here. I mean, there’s no reason to know that we’d have any reason to believe that we could get him here. And the other witness, do you remember ... ?
“MS. BEDWELL: Ann Holloway.
“THE COURT: Pardon?
“MS. BEDWELL: Ann Holloway, Judge. “THE COURT: Ann Holloway.
“JUROR: If I’m not mistaken there were four people there when the alleged transaction took place and we heard the testimony of two.
“THE COURT: All right. Well, I can’t tell you why they didn’t call Ann Holloway, either the State or the defendant. And the only thing I can tell you is that you’ve heard all of the evidence either side chose to present. And I have no reason to believe they’d want to present any more testimony to anyone else. And beyond that I can’t ... I really think if we deal too much in that we’re perhaps speculating on your verdict, you know, as to what the evidence may or may not be, and your verdict should not be based upon speculation. What I’d like you to do is to address yourselves to the evidence you’ve heard and try to come up with a verdict. Sometimes you can’t and in which event I guess we’ll just have to declare a mistrial but I’d like you to consider that you’re a pretty intelligent looking jury and I don’t have any reason to believe we’re gonna get any other twelve jurors who are going to see things any better than you have. So let me ask you to retire and consider it further.” (R. 60-63).
The appellant’s contention that defense counsel’s failure to object was error is without legal merit. The trial judge did not inquire as to the numerical division of the jury. This was volunteered by the foreman of the jury. The trial judge then gave the above instruction to the jury. From our review of the court’s instruction to the jury, we find no error therein.
After examining the entire record, we conclude that the appellant was completely and adequately represented by his counsel at trial in every legal sense.
This appellant has fallen far short of establishing that he was denied the “reasonably effective” assistance of counsel standard set forth in Harris v. Oliver, 645 F.2d 327 (5th Cir.1981) and Trammell v. State, 420 So.2d 855 (Ala.Cr.App.1982).
II
The appellant’s second contention is that he was not properly sentenced because the trial judge did not order a pre-sentence investigation.
At the conclusion of appellant’s trial, defense counsel orally requested a pre-sen-tence investigation. The trial judge stated he felt this was unnecessary because the appellant himself had testified he had no prior convictions and that he was 64 years old, retired and had lived in the same house for 30 years. The trial judge asked defense counsel if he would like to present any evidence other than that which was presented at trial, and he replied the appellant’s advanced age. The appellant was then sentenced to 15 years’ imprisonment.
The following day the trial judge held a hearing on defense counsel’s written motion for a pre-sentence investigation which was filed after the trial judge had imposed sentence. Once again, defense counsel was asked if there was anything else he wished the trial judge to consider on the appellant’s behalf. Defense counsel then offered a detailed account of the appellant’s background. The trial judge stated he had considered all of this information and would not alter or change the sentence as imposed.
First of all, defense counsel failed to make a written motion for a pre-sentence investigation as required by § 13A-5-5, *1351 Code of Alabama 1975, until after the sentence had been imposed.
Secondly, the trial judge gave defense counsel ample opportunity to present to the court any beneficial information concerning his client. Therefore, we find no error which would require reversal. See Traylor v. State, 439 So.2d 178 (Ala.Cr.App.1983).
For the reasons stated above, the judgment of the trial court is due to be and hereby affirmed.
AFFIRMED.
All the Judges concur.