The appellant was convicted of assault in the first degree and sentenced to life in the penitentiary as a habitual felony offender with one prior felony conviction.
 I
The state's case in chief consisted of the testimony of the victim, Robert Lee Franklin, and three nurses who were on duty August 23, 1981, at the time of the offense. The victim was a patient in a hospital recovering from gun shot wounds inflicted by the appellant on August 3, 1981. About 1:00 a.m. the appellant came into the victim's hospital room with a stocking over his face and stabbed him in the chest and back with a knife. The victim had known the appellant eight to ten years and recognized him by his physical characteristics. The appellant also had a stocking over his face on August 3 when he shot Franklin. The victim recognized the appellant by his physical characteristics at the time of the shooting and at the time of the stabbing although the appellant did not say anything on either occasion.
Sherrill Koontz and Yvonne McCreary were nurses at the hospital. Two men with stockings over their faces got off the elevator around 1:00 a.m. and told them to lie on the floor. One man stayed with them and the other went in the direction of Franklin's room. After the two men left, Franklin walked up to the nurses station and asked for help because he had been stabbed. One of the two men had the same *Page 1260 
physical characteristics as the appellant, according to Koontz.
Barbara Eadman was also a nurse on duty. She encountered the appellant and two other men in the elevator about 1:15 a.m. She later identified the appellant from a photograph in a "mug book" at the police department.
The appellant testified he was at the "Shell Club" when the incident occurred. He denied committing the crime and denied being at the hospital. Further, he denied shooting the victim.
Donald G. Shaner of the Montgomery Police Department, was called as a rebuttal witness by the state. He confirmed that Eadman had selected the defendant's photograph from a large number of photographs shown to her in the "mug books."
 II
The appellant contends the trial judge erred by letting in evidence that he shot the victim several times on August 3, 1981.
The issue is whether the evidence of the prior offense is relevant to an issue in this case. Generally, collateral offenses cannot be used as substantive evidence to establish guilt of the accused as to the crime for which he stands charged in the indictment.
However, this well-established principle is subject to several equally well-established exceptions. Mason v. State,259 Ala. 438, 66 So.2d 557 (1953), Scott v. State, 353 So.2d 36
(Ala.Cr.App. 1977). These recognized exceptions as cited inScott, supra, include: (1) relevancy to prove identity, (2) relevancy to prove res gestae, (3) relevancy to prove scienter, (4) relevancy to prove intent, (5) relevancy to show motive, (6) relevancy to prove system, (7) relevancy to prove malice, (8) relevancy to rebut special defenses, (9) relevancy in various particular crimes.
The victim's testimony as to the August 3rd shooting was relevant to show the appellant's intent to inflict serious bodily harm on Franklin and his motive to keep Franklin from pressing charges against him. Therefore, the court's rulings were correct.
 III
Counsel for appellant maintains the trial judge erred in allowing the state to question Eadman on redirect examination about matters not brought out during the defendant's cross-examination of her.
Eadman was called by the state for the purpose, among other things, of identifying the appellant as the man she saw in the hospital elevator on August 23rd, about 1:20 a.m. During cross-examination, she was strenuously examined concerning her identification of the appellant based upon their brief encounter as she entered the elevator and he got off. On redirect examination, Eadman was questioned about going to the police station and identifying the appellant from his picture in a mug book.
The party who calls a witness generally must elicit on direct examination all that he wishes to prove by that witness. The object of redirect examination is to answer matters brought out on the cross-examination of the witness. It is within the discretion of the court, however, to allow on redirect examination matters which may have properly been brought out on direct examination. C. Gamble, McElroy's Alabama Evidence, 3rd ed., § 439.01. Gautney v. State, 284 Ala. 82, 222 So.2d 175
(1969); Gulf Refining Co. v. First Nat'l Bank of Mobile,270 Ala. 351, 119 So.2d 1 (1960). Further, once the identification of the accused by a witness has been impeached, the witness may be allowed to testify he formerly identified the accused in a police line-up or "photo-spread" and his testimony rehabilitated by the state. C. Gamble, McElroy's AlabamaEvidence, 3rd ed., § 177.01 (6)(a). The court did not abuse its discretion in this matter.
 IV
It is maintained by appellant that the court erred in allowing the state to question him about a prior misdemeanor conviction. On direct examination appellant denied *Page 1261 
trying to shoot or shooting the victim. Upon questioning, without objection, during cross-examination, the appellant denied ever having carried a gun or failing to register a gun. During further questioning by the state the following then occurred:
 "Q: Isn't it a fact, David, that in 1977 you were carrying a gun and you were caught and were charged with carrying a pistol without having had it registered?
"A: I was charged . . .
 "MR. WALDEN: Now Judge, we're going to object to that.
"THE COURT: Overruled.
"Q: Go ahead.
 "A: I was charged with firing a firearm. I wasn't caught with a gun.
"Q: Oh, they didn't catch you with a gun?
"A: Yes."
C. Gamble, McElroy's Alabama Evidence, 3rd ed., § 155.02 (3), states "An act of a witness which is inconsistent with his present testimony about a material matter is self-contradiction and, as such, is provable for purposes of impeachment." Whether or not the appellant carried a gun had probative value and was relevant, since there was testimony that he was the victim's assailant in a shooting on August 3.
Appellant allowed to be put in evidence the claim that he was not involved in the earlier shooting of the victim and that he never carried a gun. The state was then properly allowed to question the appellant concerning his prior involvement with a firearm. Bickerstaff v. State, 369 So.2d 315 (Ala.Cr.App. 1979). Further, appellant only admitted to having been charged with "firing a firearm." Without an objection to the question, he admitted that when he was charged with this offense he was not caught with a gun. This implies that he had a gun but was not caught with it. Therefore, even if there was error, it was rendered harmless by the admission without objection of substantially the same evidence. Smith v. State, 393 So.2d 529
(Ala.Cr.App. 1981).
 V
The appellant has filed two pro se briefs. His contentions of error in each of these are numerous. Synopsized they are: (1) the arrest warrant was defective in that the victim made no statement against the appellant until trial and it was not signed by anyone other than "police"; (2) the state improperly instructed the grand jury about the law in order to obtain an indictment; (3) the state in opening statement by "insinuation that was cleverly presented" required the appellant to testify to negate the state's charges; (4) the state presented insufficient evidence to support the conviction in that there were conflicts in witnesses' testimony, improper identification procedures used by the police, and improper identifications or weak identifications; (5) that counsel for appellant persuaded him not to testify and failed to subpoena the appellant's only alibi witness; (6) the state made improper arguments; (7) the trial judge's instructions were improper; and (8) that he was denied effective assistance of counsel.
As to appellant's contentions in his briefs synopsized above as (1), (2), (3), (6), and (7), there were no objections at trial to preserve any error for appeal. Bonner v. State,389 So.2d 174 (Ala.Cr.App. 1980).
As to contention (5), the appellant did testify at trial and did state that he had an alibi witness who had to leave because of the death of a family member in New York. The record reflects no motion for a continuance. Thus, there is no error preserved for appeal.
Eadman was the only witness who identified the appellant, other than the victim, who had previously known him. Koontz testified that the defendant was of the same general physical size as the person she saw. Sufficient evidence was presented as to the defendant's presence in the hospital and as to his committing the offense to present a question for the jury.
Eadman was shown two books containing between fifty and seventy five photographs. *Page 1262 
The officer who showed her the photographs asked her to look at them and see if any were of the man she saw on the elevator. The photographs had no inscriptions on them other than numbers. She picked the photograph of the appellant. It was not shown that the identification procedure was improper or that it in any way tainted Eadman's identification. Lewis v. State,410 So.2d 474 (Ala.Cr.App. 1982); Manson v. Brathwaite,432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). Appellant's fourth synopsized contention is without merit.
A search of the record shows appellant's attorney thoroughly cross-examined the witnesses and made numerous objections. In no way did he allow the trial to be or become a mockery.Williams v. Beto, 354 F.2d 698 (5th Cir. 1965); Bonner v.State, supra. In Mains v. State, 375 So.2d 1299 (Ala.Cr.App. 1979), it was stated:
 "In reviewing claims of ineffective assistance of counsel, Alabama appellate courts leave much to the discretion of defense counsel regarding matters of trial strategy. Robinson v. State, Ala.Cr.App., 361 So.2d 1172 (1978); Huff v. State, 267 Ala. 282, 100 So.2d 769 (1958). This is so because defense counsel are obviously in the best position to analyze the many objective and subjective components making up the case for and against their clients.
 "Moreover, even assuming counsel should have objected to Larry Hall's testimony, an adequate defense in the context of the Sixth Amendment right to counsel does not mean that defense counsel must be error free in his handling of trial tactics. Summers v. State, Ala.Crim.App., 366 So.2d 336 (1978); Tillis v. State, 292 Ala. 521, 296 So.2d 892 (1974)."
The record shows he thoroughly represented the rights of the defendant. Appellant's contention concerning ineffective assistance of counsel is without merit. As stated in Trammel v.State, 420 So.2d 855 (Ala.Cr.App. 1982),
 "Not only has the appellant failed to establish that the conduct of his counsel reduced the original trial proceeding to a farce, sham or mockery, Robinson v. State, 361 So.2d 1172 (Ala.Cr.App. 1978) but also the appellant has fallen far short of establishing that he was denied the `reasonably effective' assistance of counsel standard set forth in Harris v. Oliver, 645 F.2d 327 (5th Cir. 1981). See also Mitchum v. State, 414 So.2d 168 (Ala.Cr.App. 1982)."
Appellant's eighth synopsized contention is therefore without merit.
Appellant filed a petition for a writ of mandamus in which he maintains the trial court erred in denying his motion for new trial. The grounds for appellant's motion for new trial and its amendments are basically the same as those raised on appeal in the briefs of the appellant and his attorney. A petition for a writ of mandamus is not a substitute for an appeal. Further, it is not to be granted unless the actions complained of were arbitrary and capricious. For the reasons noted above, this is not the case. Further, the same contentions have been raised on appeal. The petition is therefore due to be denied. Ex ParteNice, 407 So.2d 874 (Ala. 1981); In re State of Alabama v.Cannon, 369 So.2d 32 (Ala. 1979).
From the examination of the issues raised on appeal we conclude there was no error. The petition for writ of mandamus is due to be denied and the case affirmed.
The foregoing opinion was prepared by Hon. JOSEPH J. JASPER, Circuit Judge, temporarily on duty on the court pursuant to the authority contained in the provisions of § 12-2-30 (b)(6), Code of Alabama 1975; the court has adopted his opinion as its own.
AFFIRMED; PETITION FOR WRIT OF MANDAMUS DENIED.
All the Judges concur. *Page 1263