ON RETURN TO REMAND
PATTERSON, Judge.
On return to remand, 451 So.2d 373, the record indicates that an evidentiary hearing *375 was held in compliance with our opinion issued on January 10, 1984. That hearing dealt with an issue raised in a petition for writ of error coram nobis that alleged ineffective assistance of counsel.
At the hearing, where Watson was present and represented by counsel, the allegations of his petition were answered by the attorney who represented petitioner at his trial for first degree robbery.
After an examination of the record in that hearing, we find that the lower court had adequate basis upon which to deny the petition and motion to vacate judgment and order, since Watson did not meet his burden of submitting “clear, full and satisfactory proof which extends beyond a mere balancing of probabilities to clearly and convincingly satisfy the court on the merits and allegations of the petition”. Corley v. State, 397 So.2d 223 (Ala.Crim.App.), cert. denied, 397 So.2d 225 (Ala.1981).
The trial court’s denial of this petition, as well as the motion to vacate judgment and order, was entirely proper. The appellant’s contention that he was denied effective assistance of counsel is not supported by the record. Trammell v. State, 420 So.2d 855 (Ala.Crim.App.1982), and authorities therein cited.
Consequently, the judgment of the lower court is due to be affirmed.
AFFIRMED.
All the Judges concur.