153 So.2d 650

**William R. MILLS**

v.

**STATE of Alabama.**

**6 Div. 941.**

Supreme Court of Alabama.

May 9, 1963.

**218**

William R. Mills, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty Gen., for the State.

COLEMAN, Justice.

This is an appeal from a judgment of the Circuit Court of Tuscaloosa County, which denied appellant's petition for a writ of error coram nobis.

From petitioner's brief, and matters in the record, we gather that petitioner was convicted in the same court, on October 21, 1959, under an indictment charging that petitioner did carnally know, or abuse in the attempt to carnally know, a girl under the age of twelve years. The girl is a negro. The record indicates that petitioner is a white man. The court sentenced petitioner to be imprisoned for a term of sixty years as fixed by a jury.

The petition for coram nobis charges in general terms that, on his trial in 1959, petitioner was denied rights guaranteed to him by the Constitution of the United States. In the petition, petitioner specifies the denials substantially as follows:

1. That his trial attorney was not effective and adequate during his trial.

2. That he was tried in Tuscaloosa County for an alleged crime "that was supposed to have happened in Pickens County."

3. That he was denied witnesses in his behalf.

4. That his court-appointed attorney, the sheriff, and the solicitor informed petitioner that if he said that the alleged crime was in Pickens County they would charge him "with taking a minor across the County Line."

5. That counsel, appointed by the court for petitioner, "did not have the best interests of the petitioner in mind."

On September 17, 1962, the circuit judge set the petition for hearing on October 25, 1962.

The judgment appealed from recites that on the appointed day, petitioner appeared in court with "his privately retained attorney"; that petitioner moved the court to appoint an additional attorney; and that the court thereupon appointed an additional attorney who was requested by name by the petitioner; that petitioner and his attorneys petitioned the court for an order requiring that a transcript of the testimony taken on the original trial be prepared and furnished to petitioner; and that the cause was continued to November 19, 1962.

The judgment further recites that on November 19, 1962, the cause came on for hearing, and that the transcript had been furnished to petitioner as ordered by the court. A 94-page transcript of evidence, certified by the court reporter, appears in

the record now before us. Although petitioner states in brief: "This Transcript is False and Void on its face, and should be stricken from the case"; we are of the view that under the certificates set out in this record, the transcript is properly to be regarded as correctly setting out the testimony of the witnesses taken on the 1959 trial.

The indictment was returned April 30, 1959. The judgment of conviction recites that on May 1, 1959, "comes the defendant in his own proper person and by attorney," and that defendant, being duly arraigned in open court, pleaded not guilty and not guilty by reason of insanity.

The judgment further recites that on October 21, 1959, comes defendant in person and by attorney, and a jury, and that defendant is found guilty by the jury and duly adjudged guilty and sentenced by the court.

■ The judgment further recites that defendant makes known his desire to appeal and that sentence is suspended pending appeal. Petitioner asserts in brief that his "court appointed attorney tricked him into signing a withdrawal of his appeal." This assertion is not supported by the record.

■ We discuss briefly the five specifications of alleged denial of constitutional rights.

1. Petitioner's "court-appointed" counsel did probably the best that could be done with a difficult case. If the testimony of the victim be true, petitioner is guilty. The jury found him guilty. Conviction of a client does not prove lack of either zeal or skill on the part of counsel.

2. The witness Walden testified that petitioner came to Walden's house early in the morning on April 23, 1959, borrowed a quilt, and went back to petitioner's car which the witness could then see standing about 300 yards from his house, which was in Tuscaloosa County. Petitioner did not return the quilt. The victim testified that early in the morning, defendant "went and got a quilt from somebody's house," returned to the car with the quilt, and that when "day broke good," "Then we left, and went back up there in the woods, and he got on me again."

■■ We pretermit discussing the question whether failure to prove venue, as distinguished from jurisdiction, is a denial of any right guaranteed by the Constitution. Without dispute, if petitioner committed the crime charged, he did so in this state. We hold that, on the evidence presented, the jury could find that he did so in Tuscaloosa County. His insistence that the crime was committed in Pickens County is without merit.

· 3. There is nothing before us to support the charge that petitioner was denied opportunity to present the testimony of any witness petitioner desired to call.

4. The alleged threat to charge petitioner "with taking a minor across the County Line" if petitioner told the truth is not shown.

5. We disagree with petitioner and think the record reflects that petitioner's counsel did have petitioner's best interests in mind.

We are of opinion that the court did not err in denying the petition for writ of error coram nobis.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.