189 So.2d 583

**Bobby Joe DRINKARD**

v.

**STATE.**

**4 Div. 518.**

Court of Appeals of Alabama.

March 22, 1966.

Rehearing Denied May 17, 1966.

Alice L. Anderson, Enterprise, for appellant.

**296**

Richmond M. Flowers, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant, Bobby Joe Drinkard, was indicted by the Grand Jury of Coffee County, Enterprise Jurisdiction, for the offense of carnal knowledge of a girl over the age of twelve and under the age of sixteen years. Trial was had in the Circuit Court of Coffee County, Enterprise Division, on July 20, 1964. The jury found appellant guilty as charged in the indictment and fixed his punishment at a term of two years in the State penitentiary. Judgment was entered in accordance with the verdict.

The first witness for the State, Lettie May Bradley, testified that she was the mother of the prosecutrix, and that the prosecutrix was born on January 29, 1948.

■ The prosecutrix testified on direct examination that she was dating the appellant in May, 1963; that she had been dating him "close to a year" prior to that time; and that she and appellant had made arrangements to be married. She stated that appellant had sexual intercourse with her in May, 1963, that she thereafter noticed she was pregnant, and that she gave birth to a child on February 21, 1964. She further testified without objection that her last menstrual period was on May 7, 1963, and that the act charged occurred in May, after that date. She testified that the act took place in appellant's automobile, "down the Geneva Highway in front of Hadaway's service station." On cross-examination she testified the act occurred "around the 20th" of May, 1963, in the front seat of appellant's Buick automobile. She was asked on cross-examination when she "swore out a warrant" for appellant on this matter. She answered that it was "about" November, 1963.

Appellant, testifying in his own behalf, stated that he was twenty-one years old, that he started dating the prosecutrix in 1962, that he did not date her during May, 1963, and that he did not have sexual intercourse with her during that month. He testified that he was dating someone else during May, 1963, and that he started dating the prosecutrix again after May. He testified on cross-examination that he and the prosecutrix became engaged to be married in July, 1963, that they planned to be married on August 21, 1963, and that he later called the wedding off when the prosecutrix told him she was pregnant.

Clearly, the evidence presented a jury question.

■■ Prior to the trial, appellant filed a motion to quash the indictment on the ground, among others, that the grand jury

was selected in a discriminatory manner, in that "the names of a large number of citizens who possess the qualifications required by law of jurors have been intentionally, unlawfully and fraudulently left out of the jury box, * * *." Appellant submitted with the motion purported lists of grand juries in Coffee County since 1959. The lists showed the names of the jurors, and, on all of the lists but one, the occupation of the jurors was shown. It was alleged in the motion that those grand jurors were not representative of a cross section of the community since no unemployed persons or persons "who are in humble circumstances" appear on the lists, and that such persons were systematically excluded from jury service. When the court called for evidence in support of the motion appellant's counsel declined to present any, and stated that she would stand on the motion, which was then denied. Allegations in a motion are not to be taken as true. They must be substantiated by the record or by evidence presented for that purpose. The movant has the burden of proving the facts alleged. Lester v. State, 270 Ala. 631, 121 So.2d 110; Swain v. State, 275 Ala. 508, 156 So.2d 368. The lists of grand juries submitted in support of appellant's motion do not substantiate the allegations of the motion, and thus the motion was properly overruled.

■ Counsel for appellant contends that representation by her at the trial was inadequate and ineffective, due to the fact that she was ill during the trial. Counsel did not seek a continuance on the ground she was ill, nor does it appear she informed the court of her alleged illness. Our examination of the record reveals that counsel conducted the appellant's defense with skill and zeal. She diligently cross-examined witnesses for the State, called a number of witnesses for appellant, and interposed numerous, timely objections. The fact that appellant was convicted does not impute lack of ability or effectiveness. Mills v. State, 275 Ala. 217, 153 So.2d 650,

cert. den. 375 U.S. 867, 84 S.Ct. 142, 11 L.Ed.2d.95.

■ The failure of an alleged victim to make a complaint recently after an alleged rape, opportunity being present, may cast suspicion upon the bona fides of the charge, but does not disprove it; the truth of the charge still being for the jury. Clark v. State, 28 Ala.App. 448, 186 So. 778.

■ During direct examination of appellant, he denied having had sexual intercourse with the prosecutrix. Questions were propounded to him on cross-examination concerning whether he had sexual intercourse with the prosecutrix. Such questions were proper under the circumstances. See Burgess v. State, 256 Ala. 5, 53 So.2d 568.

■ The appellant's sister, Betty Jean Drinkard, testified in surrebuttal that she had a conversation with the prosecutrix in August, 1963, during which conversation the prosecutrix said she needed a Kotex for her menstrual period. The State objected to the latter part of this testimony on the ground no proper predicate had been laid, and moved that such testimony be excluded. The court sustained the objection and instructed the jury to disregard the testimony. The excluded testimony was offered for the purpose of impeachment, and was properly excluded since no proper predicate was laid.

■ The appellant objected to the following statement by the district attorney in his closing argument: "She was hanky-pankying around with this defendant." The record does not sufficiently disclose what was said in its context for this court to say the argument was improper, as it does not appear who "she" was. See Mincy v. State, 262 Ala. 193, 78 So.2d 262. If, as appellant states in brief, the district attorney was referring to Mrs. Naomi Thames, a witness called by appellant, the district attorney's argument is a reasonable inference to be drawn from the evidence. Mrs. Thames testified that she and appellant were

298

"going steady" in May and June of 1963, and she was married to someone else at that time.

A rebuttal witness for the State was asked over objection, "How pregnant was Barbara Lee?". On the court's overruling, the witness answered, "She was almost two and a half months."

 While pregnancy, as a fact, may be narrated by a lay witness based on observation, e. g., Wilkinson v. Moseley, 30 Ala. 562, yet we consider the duration as an enquiry enters the realm reserved for expert opinion.

We quote from Dominick v. Randolph, 124 Ala. 557, 27 So. 481:

"While it is competent for a nonexpert witness to testify that a person is 'sick,' 'diseased,' or 'has a fever,'—these being statements of such facts as are perceptible to the senses, and not mere expressions of opinion,—yet it is not competent for such witness to testify, if the evidence sought calls for an opinion instead of a statement of fact, until the witness shall have placed himself within the rule as to expert testimony. To state that a person is sick or diseased is a statement of a fact which does not necessarily involve professional knowledge or skill, but to state the particular kind of disease necessarily involves some degree of professional knowledge and skill, and consequently the expression of an opinion. To state that one has a fever is a statement of fact perceptible to the senses of the ordinary man, which it does not necessarily require the knowledge or skill of an expert to determine; but to say whether the patient is suffering with malarial or yellow fever would require the knowledge and skill of an expert, and necessarily the expression of an opinion."

Hence, we consider the overruling was error and prejudicial to the defendant.

This cause is due to be and the same is hereby

Reversed and remanded.