197 So.2d 462

**Odis J. CAGLE**

v.

**STATE.**

**6 Div. 127.**

Court of Appeals of Alabama.
March 28, 1967.

**610**

Odis J. Cagle, pro se.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was tried by the Circuit Court of Winston County on November 16, 1964, for the offense of forgery in the first degree. He was adjudged guilty and sentenced to imprisonment in the State Penitentiary for a period of five years. No motion for a new trial was filed. On January 14, 1965, appellant gave notice of appeal alleging that he was an indigent person on April 6, 1965 and filed a motion requesting that he be furnished with a free transcript of the record. No action was taken by the lower court on said motion. The record proper was filed in this court on June 7, 1965, and this court remanded the case to the trial court and directed it to consider appellant's application for a free transcript. The record containing a transcript of the evidence was filed in this court on May 25, 1966.

Appellant contends that the case was mismanaged by his court-appointed counsel and that the trial court erred in placing him on trial for the offense of forgery shortly after his release from an institution for the insane, to-wit, Bryce Hospital, Tuscaloosa, Alabama.

The question of whether or not an accused is adequately represented by court-appointed counsel is discussed in the following cases: Horsley v. State, 42 Ala. App. 567, 172 So.2d 56; Willis v. State, 42 Ala.App. 85, 152 So.2d 883. We quote in pertinent part from the following cases:

"Counsel for appellant contends that representation by her at the trial was inadequate and ineffective, due to the fact that she was ill during the trial. Counsel did not seek a continuance on the ground she was ill, nor does it appear she informed the court of her alleged illness. Our examination of the record reveals that counsel conducted the appellant's defense with skill and zeal. She diligently cross-examined witnesses for the State, called a number of witnesses for appellant, and interposed numerous, timely objections. The fact that appellant was convicted does not impute lack of ability or effectiveness. Mills v. State, 275 Ala. 217, 153 So.2d 650, cert. den. 375 U.S. 867, 84 S.Ct. 142, 11 L.Ed.2d 95." Drinkard v. State, 43 Ala.App. 294, 189 So.2d 583.

"Petitioner's 'court-appointed' counsel did probably the best that could be done with a difficult case. If the testimony of the victim be true, petitioner is guilty. The jury found him guilty. Conviction of a client does not prove lack of either zeal or skill on the part of counsel." Mills v. State, 275 Ala. 217, 153 So.2d 650, cert. den. 375 U.S. 867, 84 S.Ct. 142, 11 L.Ed.2d 95.

After a careful study of the records and in view of the foregoing cases, we find no merit in appellant's contention that his court-appointed counsel was inadequate. The court-appointed counsel displayed diligence in his handling of the case.

Appellant also contends that he was compelled to be a witness against himself in that "he was escorted to complainant's store for identification purposes, and otherwise pointed out as being the person that cashed a check in her store."

Mrs. Alice Hedrick testified that she ran a grocery store and, in pertinent part, testified as follows:

"Q. Now, Mrs. Hedrick, I will ask you to look at this check (handing to witness). Have you ever seen that check before?

"A. (Examining check) Yes, sir.

"Q. Where did you see it before and when?

"A. In my store.

\*   \*   \*   \*   \*   \*

"Did anybody deliver that check to you?

"A. That boy over there (indicating defendant) brought it to me.

"Q. Mr. Odis Cagle over there sitting at the table?

"A. That is him.

"Q. What did he get for that check?

"A. He bought some gas and cigarettes.

"Q. Was anybody with him?

"A. There was two other men with him. I just saw the back of them sitting out in the car.

\*   \*   \*   \*   \*   \*

"Q. This is the check here, and at the time he came in did he endorse anything?

"A. Yes, he endorsed it.

"Q. He endorsed that 'Cecil Bates'?

"A. Yes, sir."

On cross-examination, Mrs. Hedrick testified as follows concerning Deputy Steele's bringing appellant to her store:

"He just asked you if you could identify the man?

"A. Yes.

"Q. Is that all he said?

"A. I told him I could. That was him. He said he just wanted to look him over and see if that was him, and I said that was him.

"Q. That was what I was getting at * * * Just exactly what Mr. Steele said. He said he wanted you to look him over and see if he was the man that gave you the check?

"A. Yes."

 We do not agree with appellant that the act of the investigating officers in taking him before Mrs. Hedrick for identification purposes compelled him to be a witness against himself and was in violation of his constitutional rights.

We have made a careful examination of the records before us and it is our judgment that this cause should be and the same is hereby

Affirmed.