A jury found defendant guilty of selling, furnishing, or giving away marijuana, in violation of the Alabama Controlled Substances Act. Code of Alabama, 1973 Cum. Supp.Tit. 22, §§ 258 (25)-258 (60). The court fixed his punishment at nine years imprisonment in the penitentiary and sentenced him accordingly.
There was positive testimony by an undercover agent of the Police Department of the city of Huntsville that on August 29, 1974, about 8:00 P.M., he and an employed informant went to the apartment of defendant in Huntsville and bought some marijuana from defendant. He said the informant first bought a small bag of marijuana from defendant, paying him a twenty-dollar bill therefor. Promptly thereafter, the undercover agent handed defendant a twenty-dollar bill, and defendant left the room they were in for two or three minutes and returned with another small bag of marijuana. Soon thereafter, according to the testimony of the undercover agent, he and the informant left the apartment; the bag of marijuana sold to the undercover gent was sealed in a brown manila envelope and turned over to an officer of the Huntsville Police Department. The chain of custody of the bag of marijuana sold to the undercover agent was substantially established by the evidence. A technician of the crime laboratory of the State Department of Toxicology and Criminal Investigation testified that the substance was marijuana.
Defendant did not testify, but four witnesses testified in his behalf. Their testimony was to the effect that they were with defendant at or near his apartment at approximately the time the undercover agent testified the sale of marijuana was made by defendant, but that no such occurrence took place.
No contention is made that the evidence was not sufficient to support the verdict of the jury, and we conclude that it was.
Appellant complains of the action of the court with reference to the conduct of an attorney for the prosecution in questioning one of defendant's witnesses, Gary Bryant, and similar conduct of said counsel in interrogating Susan McAnnally, a witness for defendant. In each instance counsel for the State asked as to an arrest or raid relative to a drug incident. In each instance the trial court in effect sustained the objection of defendant to the question. In the first instance, defendant objected and moved for a mistrial, as shown by the following:
 "Q Do you recall on the 22nd of September, 1974, at 6:40 in the morning that you were arrested in the apartment of the Defendant?
 "MR. KEMPANER: Your Honor, we would extremely, definitely object to that. It is improper. It is an attempt to impeach this witness. He knows that is improper and he has not laid any sort of predicate and we ask for a mistrial.
 "THE COURT: Denied. Ladies and Gentlemen, disregard the questions about the arrest of defendant from this witness." *Page 638 
We agree with the trial court that the questions were improper, but we do not agree with counsel for defendant that counsel for the State was attempting to discredit or impeach either witness on the ground that he or she had been charged with some other crime. It appears to us that counsel was endeavoring to show that the witness in each instance was probably confused as to the time the witness testified that he or she was with defendant when the undercover agent said defendant sold him the marijuana made the basis of the indictment in this case. Certainly, no mistrial was justified under the circumstances, and the court was not in error in overruling defendant's request or motion therefor.
During the opening argument of counsel for the State at the close of the evidence, the following occurred:
 "Mr. Chadbourne made the statement, `Would you convict one police officer on the mouth of one defense attorney?'"
"MR. KEMPANER: We object to that.
"THE COURT: Overruled."
The context of the argument objected to is not shown. As the only witness on the vital issue in the case was a police officer, it appears probably that State's counsel was indirectly arguing that the jury should not acquit defendant merely because one witness only, a police officer, had testified against defendant. We do not approve the argument, but we fail to see how any injury to defendant resulted from the argument or the overruling of defendant's objection thereto. In an effort to show injury to defendant, appellant argues that the State's argument just quoted was a "derogatory" reference to defense counsel and was a personal accusation "against Defendant's trial counsel in an effort to reflect such derogation to the Defendant." We do not so consider the particular argument of State's counsel, and we fail to find any justification in the record for the argument of appellant's counsel with reference to it. On the other hand, it seems to us that State's counsel was endeavoring to prevent a "derogation" of the testimony of a single police officer by placing it on parity with the testimony of one defense attorney. State's counsel had the right to disabuse the minds of the jurors of the notion that the jury could not convict "on the mouth of one witness."
Appellant also contends that he was not adequately and competently represented by his trial counsel and that thereby he was denied his right to counsel in violation of the Sixth Amendment to the Constitution of the United States. He attempts to support this contention by saying: (1) his counsel should have found out whether the informant, who the undercover agent testified accompanied him when the purchases of marijuana were made, would have corroborated the testimony of the undercover agent and, if not, obtained the testimony of said informant; (2) he should have then opposed a timely demurrer to the indictment; and (3) he neglected to perfect defendant's appeal.
As to (1), no showing is attempted to be made to the effect that the informant would not have corroborated the testimony of the undercover agent. Such a conclusion would be based upon sheer speculation. Furthermore, there is no reason to conclude that his counsel did not act wisely in not endeavoring to maneuver the State into using the informant as a State's witness.
As to (2), no point is made that the indictment was subject to grounds of a demurrer, which non-understandably entered the file in this case about a month after defendant's trial. This inexplicable irregularity in no way injuriously affected the rights of defendant.
As to (3), appellant relies upon what was determined inMesselt v. State, Ala.Cr.App., 351 So.2d 627 (1977), wherein, on appeal by this appellant from a denial of his petition for a writ of error coram nobis, we remanded the cause with directions that have resulted in the perfection of an appeal in each of the three cases in which this appellant had been convicted, and the appointment of counsel to represent him on appeal (to supplant his former employed *Page 639 
counsel) which she has done with commendable zeal and ability. In her dedication to the task before her, she has documented an appendix to her brief with matters relative to alleged conduct of appellant's employed trial counsel in addition to that discussed in Messelt, supra. Nevertheless, none of this relates to any conduct of appellant's trial counsel before or during the trial of the case sub judice. It formed no logical connection with the question whether appellant was competently and adequately represented on his trial.
We have held that even where it is shown that trial counsel has made a mistake in trial tactics, this alone does not constitute a violation of defendant's right to adequate and competent representation by counsel. We have said "Trial tactics should not be enforced with speculative wisdom ex post facto veredicto." Gore v. State, 45 Ala. App. 146,227 So.2d 432, 433 (1969).
The record shows that defendant's trial counsel conducted defendant's defense with skill and zeal; he diligently cross-examined State's witnesses; he interposed, and was sustained by the court as to, numerous timely objections to questions or other actions of counsel for the State; he called and interrogated adeptly a number of witnesses for defendant. The charge that he was not adequately and competently represented by counsel on the trial is not supported by the record. Mills v. State, 275 Ala. 217, 153 So.2d 650, cert. denied 375 U.S. 867, 84 S.Ct. 142, 11 L.Ed.2d 95; Drinkard v.State, 43 Ala. App. 294, 189 So.2d 583, cert. denied 280 Ala. 713, 189 So.2d 587.
Appellant's final argument that punishment fixed by the court of imprisonment of defendant for nine years constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution has been decided adversely to appellant time and again. His punishment was within the range prescribed by the statute. Appellate courts cannot divest the trial courts of their right and duty to be governed by their own discretion in fixing punishment within the statutory range.Goolsby v. State, 283 Ala. 269, 215 So.2d 602; Moore v. State,54 Ala. App. 463, 309 So.2d 500. Where the punishment prescribed by the Legislature is severe merely by reason of its extent, as distinguished from its nature, there is no collision with the Eighth Amendment. Cabble v. State, 347 So.2d 546 (Ala.Cr.App.);Smith v. United States, 273 F.2d 462, 467-468 (10th Cir.); 24B C.J.S. Criminal Law § 1984.
We find no error in the record prejudicial to appellant, and the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge Leigh M. Clark, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.