Charles Ray Clency appeals from the denial of two writ of error coram nobis petitions, denied by the Jefferson County Circuit Court on March 7, 1983.
The appellant had sought by his petitions to challenge his original convictions for an armed robbery of two drug stores in Jefferson County, the first being for the robbery of Ms. Imo Chatham at Wasson Drug Company on October 8, 1980, affirmed,Clency v. State, 415 So.2d 714 (Ala.Cr.App. 1982), and the second was for the robbery of Elizabeth Poole at Harbin's Drug Store in Hoover, Jefferson County, Alabama, on October 18, 1980, affirmed, Clency v. State, 415 So.2d 1244 (Ala.Cr.App. 1982).
In the coram nobis petitions filed in circuit court attacking each of these convictions, the appellant sought to challenge the eyewitness identification by the victim, the instructions by the trial court, the fingerprints used at the Wasson Drug robbery trial and in the second case, the voluntariness of a statement which was given by appellant to arresting officers.
The appellant also sought to challenge the adequacy of his representation at trial in both cases.
 I
It is clearly apparent that the appellant was seeking to relitigate the same issues which had been tried at each of his original trials and which were affirmed following thorough review in this court. This is not the function of the writ of error coram nobis.
Moreover, the appellant's allegations that the trial counsel in each case was "inadequate" or "incompetent" is not borne out by the record in either original trial. To the contrary, the record on appeal in each case affirmatively reflects that the appellant was thoroughly, adequately and competently represented by his trial counsel, who fully advised him of the nature of the State's evidence against him before trial.
Moreover, the only matter presented the trial court, and on which that court denied the two petitions, was the appellant's own petition, which was not supported by verified affidavits or other evidence to sustain his allegations. This, therefore, constituted a proper basis for the trial court's denial without conducting a hearing on these allegations. Stephens v. State,420 So.2d 826 (Ala.Cr.App. 1982).
We have carefully examined this record and find the trial court's denial of each of the petitions was entirely proper.
This appellant, like so many others, who routinely aver following conviction and unsuccessful appeal that their trial counsel was "ineffective and inadequate," must remember the words of our Supreme Court speaking through Mr. Justice Coleman in Mills v. State, 275 Ala. 217, 153 So.2d 650 (1963) as follows:
 "Conviction of a client does not prove lack of either zeal or skill on the part of counsel." *Page 150 
We find no error and the judgment denying each of the coram nobis petitions is due to be and the same is hereby affirmed.
AFFIRMED.
All the Judges concur.