Terry Louis Roberson appeals from the denial of a Petition for Writ of Error Coram Nobis by the Circuit Court of Lauderdale County, which following a full hearing on the merits of Roberson's allegations, denied the petition as being without merit.
In the petition, Roberson sought to set aside his original convictions on first degree kidnapping and conspiracy to commit murder, which were originally settled in circuit court, based upon his plea of guilty to each charge after consultation with his counsel and with the District Attorney, who proposed a settlement.
The trial court accepted this settlement of a 20 year and one day sentence plus a 3 year sentence after first carefully going over each of appellant's constitutional rights with him, pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709,23 L.Ed.2d 274 (1969) and Carter v. State, 291 Ala. 83,277 So.2d 896 (1973).
Thereafter, the appellant perfected an appeal to this court from this guilty plea proceeding and this was affirmed by this court on June 28, 1982, Roberson v. State, [Ms. 8 Div. 628] without opinion.
This record is on file with this court and has been reviewed by this court again along with the appeal from the denial of the coram nobis proceedings. This record contains a complete "Ireland Form" which shows full advice to the appellant by his counsel and the court as to his constitutional rights before entering the guilty pleas in question. This comes from the opinion by Mr. Justice Almon, then Almon, J., of this court inIreland v. State, 47 Ala. App. 65, 250 So.2d 602 (1971).
 I
The issue before this court is whether or not the trial court properly denied the appellant's Petition for Error Coram Nobis which asserted that he did not understandingly and intelligently enter his guilty pleas. We find, as did the trial court below, that the appellant was not only thoroughly, adequately and competently represented by his original trial counsel, the Honorable Doug Evans, who conferred with the appellant, interrogated the witnesses as requested by the appellant and, in fact, informed the appellant of the minimum and maximum punishment for the crimes charged. He further entered negotiations with the District Attorney's office and worked out a settlement of 20 years and one day in one case and 3 years in the second, both of these being based upon negotiations with the office of the District Attorney. These matters were not only explained by Mr. Evans to the appellant, but also gone over in open court and the appellant was properly advised as to each of his constitutional rights *Page 1069 
under Boykin v. Alabama and Carter v. State, supra. The trial court made specific inquiry and ascertained that the appellant was pleading guilty based upon his full understanding of the terms of the settlement and his agreement to this.
Moreover, this record establishes that before the appellant had been originally interrogated by the arresting officers, he was given a proper Miranda v. Arizona warning, 384 U.S. 436,86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and thereafter gave a full statement admitting his involvement in the kidnapping of Mrs. Rose Robertson and locking her in the trunk of the automobile and that he had been hired by a Mr. Vaughn to help with this kidnapping. His statement was shown to him by counsel before any agreement was made in open court to settle any charges and the appellant understandingly and intelligently pled guilty in open court to these charges.
We find, therefore, that appellant's contentions are utterly without legal merit, and that he has fallen far short of establishing that he was denied the "reasonably effective" assistance of counsel standard as required by law. Trammell v.State, 420 So.2d 855 (Ala.Cr.App. 1982) and authorities therein cited. See also Clency v. State, 442 So.2d 148 (Ala.Cr.App. 1983).
We have carefully examined this record and find the trial court's denial of this petition was entirely proper.
This appellant, like so many others, who routinely aver following conviction and unsuccessful appeal that their trial counsel was "ineffective and inadequate," must remember the words of our Supreme Court speaking through Mr. Justice Coleman in Mills v. State, 275 Ala. 217, 153 So.2d 650 (1963) as follows:
 "Conviction of a client does not prove lack of either zeal or skill on the part of counsel."
We find no error and the judgment denying this coram nobis petition is due to be and the same is hereby affirmed.
AFFIRMED.
All the Judges concur.
 *Page 321