TYSON, Judge.
Lee Morris Williams, alias “Gas Tank” was charged with sexually molesting the prosecutrix, who was under the age of 12 years, contrary to § 13A-6-66, Code of Alabama 1975. The jury found the appellant “guilty of sexual abuse in the first degree as charged” and the trial court, after a sentencing hearing, fixed punishment at 10 years’ imprisonment in the penitentiary.
Notice of appeal was given but an appeal was not perfected to this court. Thereafter, Williams filed a petition for writ of error coram nobis asserting, among other things, that he was not guilty and that his counsel had not adequately represented him by failing to “search for witnesses with knowledge of his character”, failing to find “exculpatory evidence” and not conferring with him sufficiently with reference prospective witnesses. Williams also averred that he had desired to appeal his conviction and the trial court had failed to properly advise him with reference to this.
Following a hearing on the merits of Williams' allegations, and after the appointment of counsel to represent him, the trial court denied the petition with reference each allegation, except his right of appeal. The trial court then authorized a petition to be filed in this court and this court granted the appellant “an out of time appeal”.
Before either the prosecutrix or her brother, both of whom were under the age of 12 years, testified, the able trial judge conducted a hearing on challenge of appellant’s counsel as to their capacity to tell the truth and knowledge of what would happen to each if they failed to tell the truth. The court found both competent to testify in this case.
The appellant’s brother, Frankie T. _, described an event which occurred in September, 1980, when he and a younger sister, the prosecutrix, were taken *966 to a park in Selma, Alabama, to play. The brother indicated he was sliding on the slide when he noticed the following: (R. 24-25).
“Q Now you were playing at the park?
“A Yes, sir.
“Q And then he called Virginia?
“A Yes, sir.
“Q All right. And what happened then?
“A Then he dropped her pants and put Virginia across his lap and started feeling her.
“Q You’re saying he pulled down her pants?
“A Yes, sir. .
“Q And then he put her on his lap?
“A Yes.
“Q And then started feeling on her; is that right?
“A Yes.
“Q All right. And then what did he do? What did “Gas Tank” do then?
“A Then he started feeling all her.
“Q He was feeling on Virginia?
“A Yes.
“Q Did “Gas Tank” do anything with his clothes?
“A Yes, sir.
“Q -What did he do?
“A He took his “um-um” out.
“Q He took his “um-um” out?
“A Yes.
“Q And do you know what he did with that?
“A He stuck part to Virginia.
“Q He stuck it in Virginia.
“A Yes.
“Q. All right. You’re saying that he was feeling Virginia?
“A Yes.
“Q As best you can, can you tell me what he was feeling on Virginia?
“A He had called Virginia over there.
“Q All right. I believe you said that he pulled her pants down; is that right?
“A Yes, sir.
“Q All right. Was he touching her where her pants were down?
“A Yes.
“Q Where her panties usually go?
“A Yes.
“Q All right. Now where were you during this period of time?
“A I was sliding down the slide.
“Q You were sliding down the sliding board?
“A Yeah.
“Q Were you close enough to see this that was going on?
“A Yes, sir.
“Q All right. And you did see this?
“A Yes, sir.
“Q All right. And what you’re testifying to is the truth?
“A Yes.
“Q You don’t want that devil to come get you, do you.
“A No.”
This incident was also confirmed by the prosecutrix in her testimony and through Sergeant Billy Morgan of the Selma Police Department who told of going to the Department of Pensions and Securities in October, 1980, and receiving a report from a Mrs. Leslie Smith, a social worker, concerning a discharge of a young girl who had contracted venereal disease. The child was then contacted and a report received from her which was turned over to the authorities.
The State also subpoenaed the public health records of the appellant and the prosecutrix and it was determined that each had been treated for gonorrhea during the Pall of 1980.
The appellant’s record had been placed in evidence through the Dallas County health officer. These records were objected to by counsel. The date of the tests were October 18, 1980, as being positive for gonorrhea.
The appellant took the stand to deny having fondled or assaulted the young prosecutrix but testified that the prosecu-trix and her brother and sister had stayed with him and his wife on several occasions when their mother was gone or unavailable *967 or their aunt was not available to look after them.
There was no exception to the oral charge of the court.
I
The appellant first asserts that the trial court erred in allowing the health records of the appellant and the prosecu-trix from the Dallas County Health Department to be placed in evidence showing the results of the tests for gonorrhea. Defense counsel had properly objected and moved to exclude these at trial. His objection and motion were overruled and we are of the opinion that this was done correctly.
In Hill v. State, 366 So.2d 296 (Ala.Cr.App.1978), affirmed 366 So.2d 318 (Ala.1979), it was pointed out that there is no constitutional right to refuse to submit to a blood test, and the results of such test taken even against an accused’s will are admissible at trial. See also, Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) and South Dakota v. Neville, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). Clearly the use of evidence taken from bodily tests was here properly admittéd at trial.
II
The appellant also contends that he was not properly permitted to cross-examine the public health officers concerning the reason for having these tests made, arguing that the prosecutrix’s mother had motives or reasons for having such done to incriminate appellant.
It should be first noted that the prosecu-trix’s mother was not subpoenaed by either the prosecution or defense nor did she testify at trial. Thus, whatever her motives or reasons may have been is not properly before the trial court and would have been hearsay when testified by some other witness.
However, defense counsel had subpoenaed other relatives of the prosecutrix who were available to testify but not called upon to testify on this question. In Hill v. State, 366 So.2d 296 at 314, we- find the following:
“Evidence, to be competent and admissible, must be relevant. That is to say, evidence must tend to prove or disprove the issues before the jury. Slagle v. State, 39 Ala.App. 691, 108 So.2d 180 (1959). The determination of the relevancy or lack of relevancy of particular evidence rests largely in the sound discretion of the trial judge. Bryant v. State, 49 Ala.App. 359, 272 So.2d 286 (1972), cert. denied, 289 Ala. 740, 272 So.2d 297 (1973), cert. denied, 412 U.S. 922, 93 S.Ct. 2744, 37 L.Ed.2d 149 (1973). It is, therefore, the duty of the trial judge to limit evidence to the points in issue so that the attention of the jury is not distracted, nor withdrawn from the primary issues, to be directed towards foreign matters or issues of questionable or doubtful relevance. Jones v. State, 17 Ala.App. 394, 85 So. 830 (1920); Hoomes v. State, 34 Ala.App. 121, 37 So.2d 686 (1948).”
As hereinabove noted there was no proper predicate laid showing the unavailability of the prosecutrix’s mother nor was a basis shown for having some other witness testify as to what may or may not have been her motives. Such, in all events, is of dubious relevancy because of the tender age of the victim, 8 years. Good medical practice would require that a victim be examined and treated following sexual encounter to prevent further damage or illness. This alone would be a proper basis for admitting the results of tests. Therefore, the trial court properly admitted the testimony from the public medical health records.
111(a)
Appellant asserted that his trial counsel was inadequate and did not properly represent him. The able trial judge found that the appellant was thoroughly and competently represented at this trial and also had proper counsel at the coram nobis hearing. These findings are fully borne out by the record in this cause. Defense counsel had spent considerable time *968 in interrogating the various State witnesses and had subpoenaed a number of records in preparation of his defense. He had likewise interviewed appellant on several occasions, seeking to obtain any information which might assist with the defense of the case. He made opening arguments and tendered written refused charges and made a number of motions throughout the trial objecting to certain testimony sought to be brought out by the State in its case in chief. We find that this trial record fully sustains the trial judge’s findings that the appellant was fully, thoroughly and competently represented by his original counsel at trial and that witnesses were cross-examined and evidence presented which sought to establish an alibi in appellant's behalf.
Not only has the appellant failed to establish that the conduct of his counsel had reduced the trial proceeding to a farce, sham or mockery, Robinson v. State, 361 So.2d 1172 (Ala.Cr.App.1978), but also the appellant has fallen far short of establishing that he was denied “reasonably effective” assistance of counsel as set forth in Harris v. Oliver, 645 F.2d 327 (5th Cir. 1981). See also, Mitchum v. State, 414 So.2d 168 (Ala.Cr.App.1982) and Trammell v. State, 420 So.2d 855 (Ala.Cr.App.1982).
We therefore hold that this appellant has substantially failed to meet the burden of truth as required in attempting to sustain the allegations made at the coram nobis proceeding. Cannon v. State, 416 So.2d 1097 (Ala.Cr.App.1982).
IH(b)
This appellant, like so many others, who routinely aver after conviction that prior counsel was “ineffective and inadequate” must remember the words of our state Supreme Court in Mills v. State, 275 Ala. 217, 153 So.2d 650 (1963) as follows:
“Conviction of a client does not prove either lack of zeal or skill on the part of counsel.”
See also, Clency v. State, 442 So.2d 148 (Ala.Cr.App.1983) and Roberson v. State, 441 So.2d 1067 (Ala.Cr.App.1983).
IY
We have carefully considered this record in light of the fact that the appellant’s original counsel, through no apparent fault of his, did not file a brief or perfect the appeal to this court. However, we have carefully examined each issue raised and find no error. See Baldwin v. State, 342 So.2d 940 (Ala.Cr.App.1977). This record is free of error.
The judgment of the trial court, including both the original trial proceedings and the coram nobis proceedings, is due to be and the same is hereby affirmed.
AFFIRMED.
All the Judges concur.