TYSON, Judge.
Franklin Delano Acoff perfects an appeal from the denial of two petitions by the Circuit Court of Dallas County, Alabama. The petition for writ of error coram nobis, which was denied without a hearing thereon, sought to establish that the petitioner was denied the effective assistance of counsel by his retained attorney at the time of his original trial when he failed to challenge an unlawful search and seizure.
The second petition was one for writ of habeas corpus which sought to raise the issue that the court had imposed an unconstitutional sentence upon him because the law in Alabama at the time of the appellant’s original trial required the jury to fix punishment in capital cases. Based upon this allegation, the trial court denied the habeas corpus petition, but granted the appellant the right to appeal.
The habeas corpus petition was denied after a hearing.
I
With reference to the denial of the petition for writ of error coram nobis which sought to challenge the original conviction based on the alleged statement that appellant’s trial counsel was inadequate because he failed to challenge the search and seizure at the time of appellant’s original trial, one only has to read the original opinion of this court to see the spurious nature of the allegation here made. See Acoff v. State, 50 Ala.App. 206, 278 So.2d 210 (1973). The opinion quotes at length the affidavit and warrant showing the basis of the search and the items seized. This issue was, of course, raised and disposed of on original appeal, based upon the trial counsel’s challenging same at the time of the initial trial. See Acoff, supra.
Inmates filing post-conviction petitions should be careful that such speak the truth. The trial court is not required to conduct a hearing on the basis of mere naked allegations that a constitutional right has been violated when such is not supported by affidavits and other evidence at the time of filing same. Stephens v. State, 420 So.2d 826 (Ala.Crim.App.1982).
II
With reference to the habeas corpus petition which was denied by the circuit court after a héaring thereon, it is clear that the appellant’s contention that the jury should have been allowed to fix punishment *982 was again a matter which was properly handled. The jury had meted out the death penalty in this case. The issue of punishment was raised on appeal by the appellant’s original counsel pursuant to the opinion of the United States Supreme Court in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). Pursuant to the opinion in Furman v. Georgia, supra, and the Supreme Court of Alabama’s opinion in Hubbard v. State, 290 Ala. 118, 274 So.2d 298 (1973), this court on authority of those opinions vacated the initial judgment and sentence and set punishment at life imprisonment in the penitentiary of the State of Alabama, pursuant to the aforesaid opinions. This court initially reviewed the entire record in this cause, which consisted of six volumes containing 1,077 pages, as was its duty, pursuant to Tit. 15, Sec. 389, Code of Alabama 1940.
It is clear from reviewing the record in this cause that punishment was properly set on the appeal of the appellant’s original conviction.
This appellant, like so many others who routinely aver after conviction and unsuccessful appeal, that trial counsel was “ineffective and inadequate” must remember the words of our Supreme Court in Mills v. State, 275 Ala. 217, 153 So.2d 650 (1963) as follows:
“Conviction of a client does not prove either lack of zeal or skill on the part of counsel.”
See also Williams v. State, 448 So.2d 964 (Ala.Crim.App.1984) and authorities therein cited.
We have carefully examined this record containing the denial of both post-conviction petitions and find that the appellant was provided the effective assistance of counsel at his initial trial and that the trial court in the instant cause properly denied both post-conviction petitions as herein-above stated.
These appeals are due to be and the same are hereby affirmed.
AFFIRMED.
All the Judges concur.