TYSON, Judge.
Larry Burrell filed a petition for writ of error coram nobis in Mobile Circuit Court. The trial judge denied the petition without a hearing.
In his petition, the petitioner alleges, among other things, that he was denied effective assistance of counsel. Therefore, he claims he was entitled to an evidentiary hearing on the authority of Ellison v. State, 406 So.2d 439 (Ala.Crim.App.1981). The State, who declined to file a brief, has filed a letter with this court, stating that the petitioner was entitled to an evidentiary hearing on his claim of inadequacy of counsel since the petition contained facts which supported that claim.
The petitioner was convicted of possession of burglary tools in violation of § 13A-7-8, Code of Alabama 1975. 429 So.2d 636 (Ala.Crim.App.1982). In support of his claim of ineffective assistance of counsel, the petitioner asserts that his trial counsel failed to subpoena a key witness, who would have testified that the petitioner was in possession of these tools as a result of his particular employment.
While Ellison, supra, stands for the proposition that an evidentiary hearing is required if a petition for writ of error cor-am nobis alleging ineffective assistance of counsel is meritorious on its face, this court has made it clear that the petition “must contain more than mere naked allegations that a constitutional right has been violated.” Stephens v. State, 420 So.2d 826, 828 (Ala. Crim.App.1982).
In order for a petitioner to be entitled to an evidentiary hearing, he must “make a full disclosure of the specific facts relied upon and not mere conclusions as to the nature and effect of such facts” and provide affidavits which sufficiently refute a record that appears correct. Stephens, supra; Whitson v. State, 435 So.2d 230, 231 (Ala.Crim.App.1983).
We hold that the above requirements have been met in this case. The petitioner has set out supportive facts of his claim of inadequacy of counsel and signed an affidavit that the allegations contained in his petition are true. This affidavit is sufficient since the trial record is not before us. See Whitson, supra.
Therefore, we reverse and remand this cause to the trial court with instructions that counsel be appointed to represent the petitioner and a full evidentiary hearing be held on all the issues raised in the petition *43 and that the petitioner be present at the hearing.
REVERSED AND REMANDED.
All the Judges concur.