TYSON, Judge.
Billy R. Creel filed a petition for writ of error coram nobis in the St. Clair Circuit Court. A hearing was held on the petition at which the petitioner was represented by counsel. Following the hearing the trial judge denied the petition and the petitioner now appeals from that decision to this court.
The petitioner was indicted for three counts of sodomy in the first degree (in violation of § 13A-6-63, Code of Alabama 1975) one count of sexual abuse in the first degree (in violation of § 13A-6-66, Code of Alabama 1975) and one count of rape in the first degree (in violation of § 13A-6-61, Code of Alabama 1975). Counsel was appointed for the petitioner and the petitioner pled not guilty and not guilty by reason of insanity to the charges in the indictment. A sanity hearing was held after appropriate petition was filed and the petitioner was sent to the Taylor Hardin Medical Facility for an evaluation. Following this evaluation, it was determined that the petitioner understood the nature and gravity of the charges against him and was competent to stand trial and to assist his attorney. It was also determined that the offenses allegedly committed by the petitioner were not the product of a mental disease or defect.
On the day the petitioner’s trial was to begin the petitioner asked to plead guilty after the jury had been empaneled. The petitioner then withdrew his not guilty pleas and then pled guilty to the three counts of sodomy and was sentenced to three concurrent 20 year sentences. The other two charges were dismissed by agreement.
*1044 I
The petitioner attacks the voluntariness of his guilty pleas based on the premise that a valid plea bargain agreement between himself and the State was not honored. The petitioner alleges that the plea bargain was that he would be sentenced under the former good time law instead of the good time law in effect at the time of his sentence (which would make him ineligible for parole for ten years) in exchange for his guilty plea.
We find no merit to this allegation. First of all, the petitioner’s trial counsel, the district attorney and the sheriff testified that no such plea bargain agreement existed in this case. Only the petitioner testified that this agreement existed. It seems that once the petitioner realized that the good time law had been changed to his detriment he sought to challenge the validity of his guilty pleas based on this fact.
Secondly, it is clear that the petitioner’s guilty pleas were made voluntarily, intelligently and understanding^. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
The petitioner’s mental evaluation found him to be competent to stand trial and concluded that he understood the nature of the charges against him. The petitioner was the one who decided to withdraw his not guilty pleas and to plead guilty, and it is clear from the record that he pled guilty fully aware of his rights and the consequences of his action and that his guilty plea was in full compliance with Boykin v. Alabama, supra. Roberson v. State, 441 So.2d 1067 (Ala.Crim.App.1983); Browning v. State [Ms. 8 Div. 143, November 27, 1984] (Ala.Crim.App.1984).
II
The petitioner contends the trial judge who accepted his guilty pleas should have recused himself because of a pre-con-ceived bias against the petitioner. In support of this allegation, the petitioner states that some months before he pled guilty, the trial judge granted a divorce between Creel and his wife and in the divorce decree, the trial judge stated “that the question of child support is reserved by this court pending the termination of the jail sentence of the Defendant, Billy Creel.” (R. 11-12). The petitioner claims that the trial judge’s statement indicates he believed the petitioner was guilty of the charges against him even though he had not been convicted or pled guilty to the charges at the time of the trial judge’s statement.
There is no further indication in the record of bias against this petitioner on the part of the trial judge. His statement in the divorce decree was inappropriate but was obviously unintentional. The trial judge meant that he would reserve a decision on the custody issue, pending the disposition of the charges against this petitioner, Creel.
Furthermore, it was the petitioner who decided to plead guilty and there is no evidence that the trial judge coerced or threatened Creel or showed any bias against the petitioner when he pled guilty in this cause. See Marsh v. State, 418 So.2d 191 (Ala.Crim.App.1982) and authorities therein cited.
This court will not reverse a trial judge’s decision refusing to recuse himself unless there is clear evidence of bias. Slinker v. State, 344 So.2d 1264 (Ala.Crim.App.1977). There was no such showing of bias here.
Ill
The petitioner alleges that he did not receive effective representation by his trial counsel due to a conflict of interest. These charges stem from the fact that the petitioner’s trial counsel, Honorable Ken Gilchrist, was representing the petitioner at the same time he was representing the complaint witness, Geneva Barker, on another matter. Mrs. Barker is the petitioner’s half-sister and the mother of two of the children the petitioner sodomized.
Gilchrist testified that the petitioner knew that he was also representing Mrs. Barker on another matter. The petitioner *1045 asked Gilchrist to use his influence to encourage Mrs. Barker to drop the charges against him. In fact, a meeting was held between the three parties to see if something could be worked out. Gilchrist stated that the petitioner never complained of this alleged conflict of interest even though he was fully aware of it.
It seems clear that the petitioner knew about this situation and believed it was to his advantage at the time of trial. He cannot now claim he was prejudiced thereby in order to seek or gain profit. Sullivan v. State, 394 So.2d 76 (Ala.Crim.App. 1981).
The petitioner has failed to meet this burden of proof that he received inadequate or ineffective counsel in a legal sense. Strickland v. Washington, — U.S. -, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Duncan v. State, 461 So.2d 906 (Ala.Crim.App.1984); Daniel v. State, [Ms. 83-731, August 31, 1984], (Ala.1984); Browning v. State, [Ms. 8 Div. 143, November 27,1984] (Ala.Crim.App.1984).
The petitioner has failed to allege that he was innocent of or had a valid defense to the crimes charged. Moreover, his failure is fatal to the granting of a petition for writ of error coram nobis. Mayola v. State, 344 So.2d 818 (Ala.Crim.App.), cert. denied, 344 So.2d 822 (Ala.1977).
Therefore, for the reasons shown, the petition for writ of error coram nobis was properly denied. This cause is hereby affirmed.
AFFIRMED.
All the Judges concur, BOWEN, P.J., in result only.