TYSON, Judge.
Johnny K. Hamm filed a petition for writ of error coram nobis in the Covington Circuit Court seeking to set aside his conviction for the unlawful possession of marijuana on October 5, 1983. The trial court appointed counsel to represent the petitioner and conducted a full hearing on the merits of the petitioner’s allegations. The trial court then denied the petition and granted the appellant this appeal.
In the coram nobis petition, Hamm averred that there was a “plea bargain agreement” with the district attorney that he was to receive two years’ imprisonment and a fine of $1,000 in return for his guilty plea.
The appellant presented the testimony of his original trial counsel, and of himself, which indicated that there had been discussions with reference to a guilty plea and a recommendation to the circuit court with reference to his plea. The appellant testified that he had gone through the tenth grade in school, could read and write and did fully understand the negotiations going on. He insisted, however, that he understood that he was to receive two years and a $1,000 fine in return for his plea of guilty to the charge of unlawful possession of marijuana. The appellant also presented the affidavit of one Donna Marie Walters who also contended that she was present when the agreement was made and that the terms of such were that the appellant, Mr. Hamm, was to receive a two year sentence and a $1,000 fine.
The State of Alabama then presented the testimony of trial counsel, Mr. Allen Cook, and of the transcript of the guilty plea proceedings.
This court has carefully examined this guilty plea proceeding and find that the same is in full compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
*1262 In the original proceeding before the trial judge, the appellant was asked if he understood that any agreement with reference to punishment would hot be binding on the trial judge and that the punishment could be anywhere from two years to fifteen years and that there had been no inducement or understanding made with reference to his receiving a sentence for a specific period of years. See Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973).
The voluntariness of this plea is fully established by the colloquy which is contained in the record on this appeal. The appellant stated that he was guilty because there were some thirteen bags of marijuana found on the premises at which he resided on October 5, 1983 in Covington County.
I
This court, as is its duty, has carefully examined the testimony and the findings of the trial court and find that the appellant did receive a full and impartial hearing with reference to his contentions as to his sentence. His contentions are not borne out by the record. To the contrary, the record establishes that the appellant did voluntarily execute an Ireland form and likewise his rights were fully explained to him in open court by the trial court before accepting his plea of guilty. The appellant was informed that he would receive a sentence between two and fifteen years. It was also explained to the appellant that any agreement with the district attorney was not binding on the trial court. The voluntariness of the appellant’s plea having been fully established, this court determines that the three year sentence, as originally imposed, was entirely proper. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Roberson v. State, 441 So.2d 1067 (Ala.Crim.App.1983); Creel v. State, 462 So.2d 1042 (Ala.Crim.App.1984); Browning v. State, 465 So.2d 1208 (Ala.Crim.App.1984).
Moreover, any contention or suggestion that the appellant did not receive the effective or adequate assistance of counsel at the time of his original guilty plea is not borne out by the record. To the contrary, appellant expressed his complete satisfaction in the representation by his attorney at the time of the original guilty plea and the manner in which he conducted the negotiations with the State.
We find nothing in this record which would indicate anything except that the appellant did receive the adequate and effective assistance of counsel in a legal sense as required by law. Strickland v. Washington, 466 U.S. -, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Duncan v. State, 461 So.2d 906 (Ala.Crim.App.1984); Daniel v. State, 459 So.2d 948 (Ala.1984); Creel v. State, 462 So.2d 1042 (Ala.Crim.App.1984).
Moreover, the appellant has failed to aver that he was innocent of, or had a valid defense to, the offense charged. At the coram nobis proceeding he, in fact, admitted that he was guilty of the possession of thirteen bags of marijuana as originally charged in the indictment. This, in itself, would be fatal to granting the petition for writ of error coram nobis. Mayola v. State, 344 So.2d 818 (Ala.Crim.App.), cert. denied, 344 So.2d 822 (Ala.1977).
For the reasons shown, the petition for writ of error coram nobis was properly denied by the trial court.
This cause is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.