McMILLAN, Judge.
From a denial of appellant’s pro se petition for writ of error coram nobis, without an evidentiary hearing, this appeal follows. For the reasons outlined below, this case is reversed and remanded to the trial court, with instructions.
On May 15,1985, appellant filed a pro se petition for writ of error coram nobis in the Circuit Court of Calhoun County, Alabama. Appellant attached to his petition a sworn affidavit asserting his innocence of the crime for which he was convicted. Before the State filed its response, the trial court entered an order dismissing the petition, without an evidentiary hearing on the merits. Appellant asserts that the trial court improperly dismissed his petition, without an evidentiary hearing.
In response to this appeal, the State’s attorney has filed a “motion for leave to decline to file a brief, for additional leave, and for remandment.” In the motion, the State requests that “this cause be remanded for a hearing on the coram nobis petition.” The State does not cite any authority for its request and merely notes that “recent opinions of this honorable court require a hearing in this cause.” The recent case of Burrell v. State, 461 So.2d 41 (Ala.Cr.App.1984), appears to support the State’s position.
In Burrell, this court, per Judge Tyson, concluded that an order entered by the trial court denying the appellant’s petition for writ of error coram nobis, without an evi-dentiary hearing on the merits, should be reversed and the cause remanded for an evidentiary hearing. In reaching this conclusion, the court stated the following:
“In order for a petitioner to be entitled to an evidentiary hearing, he must ‘make a full disclosure of the specific facts relied upon and not mere conclusions as to the nature and effect of such facts’ and provide affidavits which sufficiently refute a record that appears correct. [Citations omitted.]
“We hold that the above requirements have been met in this case. The petitioner has set out supportive facts of his claim of inadequacy of counsel and signed an affidavit that the allegations contained in his petition are true. This affidavit is sufficient since the trial record is not before us. [Citation omitted.]” Id. at 42.
Here, as in Burrell, the appellant is entitled to an evidentiary hearing on the merits.
*983 Based upon our review of the record, this court is inclined to follow the request of the State and hereby remands this case to the trial court level with directions that an evidentiary hearing be held on the merits of appellant’s pro se petition for writ of error coram nobis. The trial court should then enter an order granting or denying the relief requested by the appellant and forward said order, along with a transcript of the proceedings, to this court. Since this matter is remanded to the trial court, it will not be necessary, at this point, to address the remaining issues raised by the appellant.
REVERSED AND REMANDED, WITH INSTRUCTIONS.
All the Judges concur.