McMILLAN, Judge.
This appeal follows a denial of appellant’s petition for writ of error coram no-bis, without an evidentiary hearing. For the reasons outlined below, and under the authority of Ex parte Boatwright, 471 So.2d 1257 (Ala.1985), the decision of the trial court is hereby reversed and the case is remanded with directions consistent with the provisions of Boatwright.
On September 16, 1981, appellant was arrested and charged with the offense of robbery in the first degree. Thereafter, he was appointed counsel and on October 8, 1981, he pleaded guilty to a charge of robbery in the second degree, in violation of *1206 § 13A-8-42, Code of Alabama (1975). Subsequently, he was sentenced to life imprisonment, pursuant to the Habitual Felony Offender Act.
In July 1985, appellant petitioned the trial court for a writ of error coram nobis alleging numerous grounds for relief. He has attached to his petition an affidavit, along with exhibits, in support of the allegations made. Among the allegations cited are specific allegations of ineffective assistance of counsel. The trial court, on a motion to dismiss by the district attorney, dismissed the appellant’s petition on July 9, 1985, without holding an evidentiary hearing. It is from this order that this appeal is filed.
Appellant argues that his court-appointed counsel committed numerous errors which were so serious as to deprive him of a fair trial. Additionally, he contends that his court-appointed counsel failed to adequately represent him. He cites as his authority the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Furthermore, appellant argues that the trial court, in dismissing his petition, failed to substantiate any reasons for denying the petition.
As the Alabama Supreme Court, per Justice Beatty, pointed out in Ex parte Boatwright, supra:
“It is clear from the decisions of the Court of Criminal Appeals that an evi-dentiary hearing must be held on a cor-am nobis petition which is meritorious on its face, i.e., one which contains matters and allegations (such as ineffective assistance of counsel) which, if true, entitle the petitioner to relief.” Id. at 1258.
In this case, it is clear that under the “specific allegations of the sworn petition” relating to the claim of ineffective assistance of counsel, the petitioner would be entitled to relief if those allegations are true. Id. at 1259. Therefore, under the authority cited above, appellant’s petition is meritorious and he is entitled to an eviden-tiary hearing on the issues. Furthermore, appellant has supplied the required supporting affidavit in support of the allegations made in the petition. Traylor v. State, 466 So.2d 185 (Ala.Cr.App.1985); Burrell v. State, 461 So.2d 41 (Ala.Cr.App.1984); Carroll v. State, 462 So.2d 789 (Ala.Cr.App.1984); Clency v. State, 442 So.2d 148 (Ala.Cr.App.1983).
Under the foregoing authorities and without our ruling upon the merits of the allegations of the petition, the decision of the trial court is reversed and this cause is remanded to that court with directions to hold an evidentiary hearing on the matters contained in the petition.
REVERSED AND REMANDED.
All the Judges concur.