ON RETURN TO REMAND
McMILLAN, Judge.
On October 8, 1985, this court entered an order reversing and remanding this case to the trial court, with directions, 477 So.2d 982 (Ala.Cr.App.1985). After this case was remanded to the trial court, an evidentiary hearing on the merits was conducted before the Honorable Samuel H. Monk II, circuit judge. The learned trial court judge conducted a thorough, competent, and patient examination of the appellant and examined documents originally presented at the guilty plea proceeding and on the subsequent appeal. Defense counsel testified at the hearing and refuted the allegations contained in the appellant’s petition for writ of error coram nobis.
After considering the testimony, the trial court stated that it would enter an order denying the relief requested by the appellant and noted that the petition itself was “totally fraudulent”; that there was “not one iota of truth or factual basis” for the petition; and that the appellant had done “nothing but sit here and play with the system by filing this particular sworn pleading without having any basis for it.” In reaching this conclusion, the trial court also informed the appellant as follows:
“Mr. Baker, the court finds in this case that your petition for writ of error coram nobis is totally fraudulent. Not one allegation in it is borne out by any evidence in the case. In fact, the evidence is clearly to the contrary. There is no evidence whatsoever that you were ever told you would get fifteen years if you pled guilty. You state your court-appointed counsel promised you that he would appeal but did not do so. The record clearly reflects that your case was appealed to the Court of Criminal Appeals of the State of Alabama where it was affirmed. You state that I failed to inform you of the consequences of your plea or the punishment range involved; that’s totally untrue. The record clearly reflects that you knew everything. Not only did you sign an Ireland form which was explained to you by your attorney, but in a colloquy, that is, in my taking your guilty plea and going through that question and answer procedure with you, it clearly shows by the transcript that I explained to you not only your rights but *694 the punishment range that the law provided and the consequences of pleading guilty. And it clearly shows that you pled guilty knowingly and voluntarily and in full knowledge ... and understanding of what you were charged with, [including] the punishment range provided for by law and the consequences of pleading guilty.”
Based upon our review of the record, it is apparent to us that the trial court’s conclusion is in all respects proper.[1] For this reason, the order entered by the trial court dated January 3, 1986, is affirmed. Additionally, our judgment of October 8, 1985 reversing the trial court’s previous order is due to be set aside.
JUDGMENT OF OCTOBER 8, 1985 SET ASIDE; OPINION EXTENDED; AFFIRMED.
All the Judges concur.

. The trial court is to be commended for its patience and competence in the handling of this matter. Although it is now apparent that the trial court judge entered the original order based on his own knowledge of the case and on court file information which was before him at the time, this documentation, unfortunately, was not provided to this court as part of the record on appeal. For this reason, the remand was necessary.