McMILLAN, Judge.
This appeal follows the denial of appellant’s petition for writ of error coram nobis without an evidentiary hearing. For the reasons outlined below, and under the authority of Ex parte Boatwright, 471 So.2d 1257 (Ala.1985), and this court’s recent decision in Phillips v. State, 484 So.2d 1205 (Ala.Cr.App.1986), the decision of the trial court is hereby reversed and this case is remanded with directions consistent with the provisions of Boatwright, supra.
The appellant, David C. Harris, was indicted by the Walker County Grand Jury in May 1984, for murder during a kidnapping with the intent to do bodily harm, and murder during kidnapping with intent to terrorize. Thereafter, on November 6, 1984, the appellant voluntarily pleaded guilty to a charge of murder in violation of § 13A-6-2(c), Code of Alabama (1975), and he was sentenced to the maximum penalty of life imprisonment.
In May 1986, the appellant petitioned the circuit court for a writ of error coram nobis, alleging numerous grounds for relief. As in Phillips, supra, the appellant has attached to his petition an affidavit, as well as exhibits, in support of his allegations. Appellant’s primary argument is that he was denied effective assistance of counsel, and his arguments have been specifically enumerated and addressed in his *852 petition. Subsequently, the trial court denied the appellant’s petition, without holding an evidentiary hearing.
As this court noted in Phillips v. State, supra, at 1206, the Alabama Supreme Court in Ex parte Boatwright held:
“It is clear from the decisions of the Court of Criminal Appeals that an evi-dentiary hearing must be held on a cor-am nobis petition which is meritorious on its face, i.e., one which contains matters and allegations (such as ineffective assistance of counsel) which, if true, entitled the petitioner to relief.” 471 So.2d at 1258.
Furthermore, “under the ‘specific allegations of the sworn petition’ relating to the claim of ineffective assistance of counsel, the petitioner would be entitled to relief if those allegations are true.” Phillips, at 1206. Therefore, under the authority cited, the appellant’s petition in the case sub judice is “meritorious” and he is entitled to an evidentiary hearing. Boatwright, supra, at 1258. Furthermore, the appellant has sufficiently provided the required affidavit in support of the allegations made in the petition. Phillips, supra; Traylor v. State, 466 So.2d 185 (Ala.Cr.App.1985); Burrell v. State, 461 So.2d 41 (Ala.Cr.App.1984); Carroll v. State, 462 So.2d 789 (Ala.Cr.App.1984); Clency v. State, 442 So.2d 148 (Ala.Cr.App.1983).
Without a ruling upon the merits of the allegations the decision of the trial court is reversed and this cause is remanded to the trial court with directions to hold an eviden-tiary hearing on the matters contained within the petition.
REVERSED AND REMANDED.
All the Judges concur.