TYSON, Judge.
Isiah Wilson filed a petition for writ of error coram nobis in circuit court seeking to void his robbery conviction which petition was denied by the circuit court without a hearing, based upon the fact that the appellant had an original appeal to this court which had been affirmed and no new issues were raised in the coram nobis petition. See Wilson v. State, 3 Div. 733, affirmed January 10, 1984, without opinion.
The appellant was originally charged by indictment with the robbery of one Dan Fowler for removing a credit card, wallet and $1,071.00 in U.S. currency from his person, through use of a deadly weapon, to-wit a pistol, contrary to § 13A-8-41, Code of Alabama 1975 as amended. As a habitual offender, he was sentenced to 21 years imprisonment.
Prior to trial, the appellant’s counsel had filed a motion to produce, which was granted. Also, prior to trial, a hearing of a motion to suppress was conducted and was denied after a pre-trial hearing. This had sought to attack the eye-witness identification.
At trial, Mr. Dan Fowler testified that he was an insurance agent for Mutual Savings Life Insurance Company on August 5, 1982. He was making his rounds, collecting on policies and had called on several customers that evening. He stated that as he was leaving a home on Liberty Street, two black males approached him, each carrying pistols. He stated that he did not have an opportunity to flee to his automobile as they ran toward him with pistol in hand. They took his wallet which contained his driver’s license and a number of personal credit cards and in addition, took $1071.00 in U.S. currency. Fowler related that the men did not take the change which he had on his person. He said that shortly after the men left, he went to police headquarters and was asked to view two suspects. He told the police that neither was the party who had robbed him that evening. The next day, and again the following week, he viewed some mugshots at police headquarters. He was unable to select anyone at this time.
“About a month” after the robbery, Mr. Fowler was asked to come to police headquarters and there view a lineup. He stated that the first lineup he examined he immediately recognized the appellant, Isiah Wilson, who was in position number five. He also made a positive in-court identification of Wilson at trial.
Mr. Fowler further testified that he viewed a second lineup later that day and immediately picked out Wilson’s companion who had also participated in the robbery.
Billy Wayne Smith testified that on September 14, 1982, he was present at a lineup at Montgomery Police Headquarters and that, without any hesitation, Fowler immediately picked out Isiah Wilson, who was in position number five of a lineup of six black males of essentially the same size and build.
He stated that no suggestion whatever had been given Mr. Fowler prior to the lineup as to who would be in same.
Montgomery Police Detective F. Blankenship then identified some photographs of the lineup at which Mr. Dan Fowler identified the appellant and the photographs show that the appellant was in position number five at the time of the lineup on September 14, 1982.
On cross-examination, Detective Blankenship testified that he had received information from an informant that the appellant and a companion had robbed Mr. Fowler on Liberty Street as he was making his rounds to collect on policies. He stated that he went to the home of the appellant about four o’clock on the afternoon of September 14, 1982, arrested him and brought him to police headquarters for a lineup.
The appellant’s motion for a directed verdict of acquittal and motion to exclude were overruled.
*773 The appellant presented the testimony of one Donald King, who testified that he had participated in the robbery of the insurance man, Mr. Dan Fowler, on August 5, 1982, on Liberty Street in Montgomery. He stated that he was accompanied by a friend named Michael T. He stated that the appellant, whose nickname was “Candy” Wilson was not present at the time of the robbery. King admitted that he had already pled guilty and been sentenced.
On cross-examination, King admitted that he had pled guilty of the robbery of Mr. Fowler, and also to two other robberies. He also admitted that he had given the police two identifications of two different black males and identified a statement that he had given police on September 15, 1982, admitting participation in the robbery of Mr. Fowler. He also stated that in the statement he told police that the appellant, “Candy” Wilson, had pointed a pistol at Mr. Fowler at the time of the robbery.
Appellant presented the testimony of one Willie James Smith who stated that he remembered the date of August 5, 1982, and that he had been at “Ed’s Place” and that the appellant, Isiah Wilson, had been there with him.
The appellant took the stand and testified that he remembered the date of August 5, 1982, because he had seen Mr. Fowler come by collecting on insurance policies. He denied participating in the robbery of Mr. Fowler and stated that he was elsewhere on this date. He admitted having two prior robbery convictions on cross-examination.
There was no exception to the oral charge of the court and the trial court gave four of seven written requested charges. The appellant’s motion for new trial challenging the weight and sufficiency of the evidence was overruled.
I
Because the appellant contends that his lineup identification was unduly suggestive, we have taken time to again review this trial transcript and find this contention to be utterly without merit. We have examined the totality of circumstances as required by Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) and find that the lineup was carefully conducted and no unduly suggestive matter was brought to the attention of Mr. Fowler prior to his identification of the appellant. Contrary to the appellant’s contentions, Mr. Fowler stated that he instantly recognized the appellant and identified him as being in position five at the lineup on September 14, 1982, at Montgomery Police Headquarters. He also made a positive in-court identification and further identified his companion who had been in a second lineup. We are of the opinion that the trial court properly denied the motion to suppress and motion for new trial challenging the weight and sufficiency of the State’s evidence. See Childers v. State, 339 So.2d 597 (Ala.Crim.App.1976), cert. denied, 339 So.2d 601 (Ala.1976); Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) and Dixon v. State, 357 So.2d 690 (Ala.Crim.App.1978) and authorities therein cited.
It is clear that the arresting officers had ample probable cause to effect the arrest of this appellant and the State properly proved a prima facie case as required by law.
Appellant’s petition for writ of error cor-am nobis was here properly denied. Cannon v. State, 416 So.2d 1097 (Ala.Crim.App.1982).
This record also clearly establishes that the appellant was thoroughly, adequately and competently represented by counsel throughout his original trial and initial appeal to this court. Williams v. State, 448 So.2d 964 (Ala.Crim.App.1984) and authorities therein cited.
The judgment of the trial court, including both the original trial proceedings and the coram nobis proceedings, is due to be and the same is hereby affirmed.
AFFIRMED.
All the Judges concur.