TYSON, Judge.
Gregory Ball was indicted for robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975. The appellant’s counsel filed a motion to suppress the identification of the appellant and the court denied this motion to suppress. The jury found the appellant “guilty as charged in the indictment”. Pursuant to the Habitual Felony Offender Act, the appellant was sentenced to life imprisonment without parole in the state penitentiary.
The facts relevant to this appeal are limited to those concerning the identification of the appellant by the victim, Barbara Cook, and another eyewitness, Robert Kuhn, who observed the events inside the store and later followed the appellant in his car as the appellant fled the scene on foot.
The State's evidence shows that the appellant entered the Majik Market on Clair-mont Avenue in Birmingham, Alabama on August 28, 1986 at about 8:30 p.m. He went to the back of the store and got a beer, then waited in line until the other customers had been checked out. When the appellant went to the counter there was no one left in the store. He pulled a machete knife from his pants and instructed Barbara Cook, the cashier, to give him all of the money in the cash register.
Barbara Cook testified that the appellant was in the Majik Market for 10 to 15 minutes and was face to face with her for five to 10 minutes. She identified the appellant in a live police lineup and, also, in court as the man who robbed her. She was shown a photo lineup which did not contain Gregory Ball’s picture prior to the lineup at the jail. She did not make an identification of the robber in the photo lineup.
Mr. Robert Kuhn was an eyewitness to the incident and viewed the appellant from outside the store. Although it was in the evening, at approximately 8:30 p.m., the store front lights, as well as the lights in the store, enabled him to view the appellant for approximately 15 seconds from a distance of 10 feet. Mr. Kuhn testified that he realized something was wrong and for this reason he did not enter the store. Mr. Kuhn followed the appellant, who fled on foot, in his car for approximately a minute and 45 seconds until the appellant evaded him by running down a side street.
Mr. Kuhn identified this appellant, both in a photo lineup and during trial, as the man he saw in the Majik Market on the night of August 28, 1986. Mr. Kuhn was also shown a photo lineup which did not contain Gregory Ball’s photograph. He did not make any identification at that time. The second photo lineup that was shown to him contained Gregory Ball’s photograph and he made a positive identification at that time.
It is important to note that testimony showed Ms. Cook and Mr. Kuhn never compared notes or talked with each other about the identity of the appellant at any time prior to the positive identifications by each of them of Gregory Ball. The record further notes that neither was told anything by the police that would have helped them pick out Gregory Ball in the lineups.
The appellant’s counsel contends the trial court erred in not suppressing the identification of the appellant, where the circumstances show unreliability and suggestiveness in the identification. The appellant’s counsel further contends the in-court identification of the appellant was not established by a clear and convincing independent source and, therefore, the appellant’s conviction must be vacated.
I
The appellant’s counsel contends the motion to suppress was improperly denied where the circumstances show unreliability and suggestiveness in the identification. The appellant’s counsel largely bases this contention due to the contradictory descriptions given by the victim two weeks after the robbery. The appellant’s counsel contends that on August 28, 1986, Ms. Cook *795 described the robber as being approximately six feet tall, medium build, having short afro hair, being dark complexioned, weighing 160 pounds and being about 25 years of age. The appellant’s counsel further contends that two weeks after the robbery Ms. Cook gave another description of the robber as a 5'7" to 5'8", husky-built man with red eyes, a bald head and weighing 150 to 160 pounds.
The facts contended by the appellant’s counsel are inaccurate. Officer Clarence Mitchell was the investigating officer who took the description of the robber two weeks after the robbery. He testified that the description he received was 5'7" or 5'8", husky build, about 150 to 160 pounds and very dark short hair. The reference to a bald head is found in Officer Mitchell’s testimony at the suppression hearing. Officer Mitchell was reading from a computer print out of the original police report which is marked Defense Exhibit 1. This print out is derived from information found on the original police reports.
Officer Jacqueline B. Alley, the officer who took the description at the scene of the robbery, and Officer Clarence Mitchell, both testified that the description given them was of a man with short hair. Ms. Cook, the victim, on cross-examination, also denied she had ever given a description of the robber as a man with a “bald head”. Based on the above facts, there was no contradiction by Ms. Cook concerning the appellant’s hair.
She did, however, make contradictions concerning the height of the person who robbed the Majik Market. On the date of the robbery she indicated that the appellant was approximately 6' tall. About two weeks later she stated that he was 5'7" to 5'8" tall. We agree with the trial judge that this discrepancy does not show Ms. Cook’s identification of the appellant to be unreliable and, furthermore, the discrepancies were brought out at the trial and the jury had notice of them.
Ms. Cook testified at the suppression hearings that she thought the weight she gave in the first description was between 125 to 130 pounds and she knew she had given a height but could not remember it. Ms. Cook also testified that she had identified Gregory Ball in a photo lineup prior to identifying the appellant in a live lineup. This is contradicted by the testimony of Officer Mitchell, who said that she did not identify anyone in the photo lineup. Based on the facts given in testimony as to the duration of time between the statement and the trial, Ms. Cook said she was not positive of this and, also, that she had been a victim of a total of four robberies and she had a hard time remembering what she told police on specific occasions. We find this had no bearing on the victim’s ability to make a positive identification, and no reason that this should make the identification unreliable. Therefore, we agree with the trial judge.
We find ho suggestiveness in any of the identifications nor do we find any deviation from acceptable standards in the police lineups that would warrant a finding of irreparable injury from the likelihood of misidentification. Based on the facts presented in the record we find the criteria of evaluating the likelihood of misidentifi-cation as set out in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), to be satisfied and find no grounds to determine that the identification by Ms. Cook was formed under suggestive circumstances. There is no question of Ms. Cook’s attention or time of viewing the appellant at the crime because she viewed the appellant for 10 to 15 minutes and was face to face with the appellant for five to 10 minutes. She was certain her identification of the appellant and the time in between her identification of the appellant and the robbery was only one month. The appellant’s counsel raises questions as to to the accuracy of the prior identification, but when viewing the testimony of Ms. Cook, we find no reason to find that there was a likelihood of misidentification. Furthermore, these discrepancies were brought out at trial and were considered by the jury in the verdict of “guilty”.
Mr. Kuhn testified that he viewed the appellant for 15 seconds from outside *796 the store. He testified that he was approximately 10 feet from the appellant, and that the lights in the store, as well as the store front lights, enabled him to see the appellant. He then followed the appellant in his car as the appellant fled on foot. We feel Mr. Kuhn’s identification of the appellant is reliable. The light and time he viewed the appellant enabled him to give a positive identification. Reviewing the record shows no deviation from standard procedure nor suggestiveness in the formulation of the photo lineup. We also find no reason to find his identification to be made under suggestive circumstances in any way. Although we find no suggestiveness in the procedures, the appellant’s counsel contends there is. In applying the factors as set out in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), we are satisfied that under a “totality of the circumstances” there was no reason to suppress Mr. Kuhn’s testimony.
Therefore, we agree with the trial court in its decision of not suppressing the identification of the appellant by either Ms. Cook or Mr. Kuhn. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), says “reliability is the linchpin in determining the admissibility of identification testimony”. We find no suggestiveness in the pretrial identifications and, if there were any suggestiveness, it is so slight that it would be outweighed in the balancing test of Manson v. Brathwaite, supra. Manson adopts the same criteria as set out in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). They are as follows: The opportunity of the witness to view the criminal at the time of the crime; the witness’ degree of attention; the accuracy of his prior description of the criminal; the level of certainty demonstrated at the confrontation; and the time between the crime and the confrontation. In viewing the “totality of the circumstances” we feel the identifications to be reliable as well as satisfying both the principles in Neil v. Biggers, supra and Manson v. Brathwaite, supra. We further contend that the fact that the uncorroborated identifications of the appellant by Ms. Cook and Mr. Kuhn support the reliability of the individual identifications. Wilson v. State, 453 So.2d 771 (Ala.Cr.App.1984), Dixon v. State, 357 So.2d 690 (Ala.Cr.App.1978).
II
The appellant argues that the in-court identifications of the appellant were not established by a clear and convincing independent source and, therefore, appellant’s conviction must be vacated.
We have already concluded as to the reliability of the identifications by Ms. Cook and Mr. Kuhn and have also stated that the arguments of appellant’s counsel concerning their unreliability were taken into consideration by the jury.
We find the in-court identifications by both Ms. Cook and Mr. Kuhn to have a basis other than their pretrial identifications and that they were properly admitted. Matthews v. State, 401 So.2d 241 (Ala.Cr.App.), cert. denied, 401 So.2d 248 (Ala.1981). The identification of the appellant by Ms. Cook and Mr. Kuhn satisfy the criteria as set out in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) and, therefore, their identifications of the appellant are reliable and properly admitted. Brown v. State, 481 So.2d 1173 (Ala.Cr.App.1985), Weaver v. State, 350 So.2d 734 (Ala.Cr.App.1977).
For the reasons stated above, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.